RECEIVED

SEP 08 2026

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

FILED-USDC-NDTX-DA
'26 SEP 8 PM3:41
ap

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., Reorganized Debtor. | Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST, Appellant, | On Appeal to the U.S. District Court for the Northern District of Texas |
| v. | Case No. 3:25-cv-01876-K |
| HIGHLAND CLAIMANT TRUST, | Case No. 3:25-cv-02072-S |
| Appellee. | Case No. 3:26-cv-02315-X |
| | Case No. 3:26-cv-02496-D |

**APPELLANT DUGABOY'S RESPONSE IN OPPOSITION TO APPELLEE HIGHLAND'S MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

## TABLE OF CONTENTS


INTRODUCTION ..........2

FACTUAL AND PROCEDURAL BACKGROUND ..........4

LEGAL STANDARD ..........7

ARGUMENT ..........8

A. Consolidating the Two Appeals Pending from the Summer of 2025 Makes Far Less Sense Today Than When It Was First Sought..........8

B. Highland Has No Good Explanation for its Own Reversal on Consolidation..........10

C. The Rule 60(b) and Rule 59(e) Appeals Can and Should Be Consolidated With Each Other—But Not Here or Now ..........11

D. The Rule 60(b) and Rule 59(e) Appeals Cannot Be Consolidated With the Rule 9019 and Stay Appeals..........12

E. No Controlling Law Requires Consolidation of a Rule 60(b) Appeal With an Appeal of the Underlying Order. ..........16

F. Resolving the Appeal Before This Court Will Not Necessarily Moot or Dictate the Outcome of the Other Pending Appeals ..........18

1. An adverse ruling on the merits of the Rule 9019 Appeal will not preclude Dugaboy from pursuing its other pending appeals..........18

2. An adverse ruling on the Motion to Dismiss for Statutory Mootness will not preclude Dugaboy from pursuing its other pending appeals..........19

G. This Court Should Not Consolidate the Rule 9019 Appeal With Any Other Pending Proceeding..........20

CONCLUSION..........21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adkins*,
No. 12-10314, 2014 WL 5801679 (Bankr. N.D. Tex. Nov. 7, 2014) ....................3, 12, 13, 21

*Cadle Co. v. Whataburger of Alice*,
174 F.3d 599 (5th Cir. 1999) ....................2, 11

*Emmett v. McGuire*,
No. 3:07-CV-00389-P, 2010 WL 11541783 (N.D. Tex. Oct. 12, 2010) ....................17

*Fobian v. Storage Tech. Corp.*,164 F.3d 887, 889 (4th Cir. 1999) ....................17

*In re Ford Motor Co.*,
591 F.3d 406 (5th Cir. 2009) ....................19

*Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*,
No. 02-20042, 2003 WL 21027134 (5th Cir. Mar. 5, 2003) ....................13, 16, 17

*In re Monge*,
700 F. App'x 354 (5th Cir. 2017) ....................8, 16, 18

*In re Purdue Pharma L.P.*,
No. 25-CV-09681 (NSR), 2026 WL 1034113 (S.D.N.Y. Apr. 16, 2026) ....................8, 16, 18

*Travelers Ins. Co. v. Liljeberg Enters., Inc.*,
38 F.3d 1404 (5th Cir. 1994) ....................17

*Winchester v. U.S. Atty. for S.D. Tex.*,
68 F.3d 947 (5th Cir. 1995) ....................17

**Statutes**

11 U.S.C. § 363(m) ....................20

**Other Authorities**

Federal Rule of Bankruptcy Procedure 8003(b) .......................................... 7, 8

Federal Rule of Bankruptcy Procedure 8009(e) .......................................... 6, 13

Federal Rule of Bankruptcy Procedure 9019 .......................................... *passim*

Federal Rule of Civil Procedure 59(e) .......................................... *passim*

Federal Rule of Civil Procedure 60(b) .......................................... *passim*

Federal Rule of Civil Procedure 60(b)(2) .......................................... 3, 13

Federal Rule of Civil Procedure 60(b)(3) .......................................... 13, 20

Federal Rule of Civil Procedure 60(b)(6) .......................................... 13

Federal Rules of Civil Procedure 60(b)(2), 60(b)(3), and 60(b)(6) .......................... 6

Appellant the Dugaboy Investment Trust ("Dugaboy") respectfully asks the Court to deny Appellees Highland Management, L.P. and Highland Claimant Trust's (together, "Highland") Motion to Consolidate four separate pending appeals into a single proceeding before this Court (Dkt. 72):

(1) This Court's Case No. 3:25-cv-01876-K[1] which is appealed from the bankruptcy court's June 30, 2025, approval of the Rule 9019 Settlement ("Rule 9019 Appeal"). Bankr. Dkt. 4297.[2]

(2) The appeal from the bankruptcy court's July 21, 2025, denial of Dugaboy's motion to stay ("Stay Appeal") now pending before Judge Scholer. Bankr. Dkt. 4333, Case No. 3:25-cv-02072-S.

(3) The appeal from the bankruptcy court's denial of Dugaboy's Rule 60(b) motion pending before Judge Starr, 3:26-cv-02315-X appeal ("Rule 60(b) Appeal"). Bankr. Dkt. 4706.

(4) The appeal from the bankruptcy court's denial of Dugaboy's Rule 59(e) motion for reconsideration, pending before Judge Fitzwater, No. 3:26-cv-02496-D appeal ("Rule 59(e) Appeal"). Bankr. Dkt. 4728.

For the reasons set forth herein, the Court should summarily deny Highland's Motion to Consolidate these four appeals or any subset of them (with the single exception discussed below). But if the Court is contemplating granting Highland's

[1] For ease of reference, Dugaboy will refer to each district-court appellate proceeding by the title of the order appealed (*e.g.*, Rule 9019 Appeal; Stay Appeal; Rule 60(b) Appeal; Rule 59(e) Appeal), or alternatively by the last four digits and judge's initial of its case number (*e.g.*, "1876-K appeal").

[2] Unless otherwise specified, all references to "Bankr. Dkt." refer to the main bankruptcy proceeding in this case, No. 19-34054-sgj11.

Motion in whole or in any part, Dugaboy respectfully asks that the Court first grant the parties a hearing on the matter.

As it communicated to Highland, Dugaboy would not oppose a properly presented motion seeking consolidation of the closely related appeals of Judge Odell's decision to decline amendment of the Rule 60(b) order, pending before Judge Fitzwater, into the appeal of the Rule 60(b) order itself, pending before Judge Starr. Those are separate appeals only because of a timing nuance. The orders were separated by less than a month, and they pertain to the same evidentiary record.[3] As detailed below, the other appeals are differently situated and their consolidation is not appropriate.

## INTRODUCTION

Highland's Motion to Consolidate the four appeals should be denied for multiple reasons. Most importantly, this Court denied a very similar motion in which Highland opposed many of the same arguments for consolidation that it advances today. Since that time, many of the subject appeals have gone their own course and one has been fully briefed. Consolidation now makes no sense.

---

[3] As explained in Section C below, in the Rule 60(b) and Rule 59(e) proceedings Dugaboy's issues on appeal closely overlap and its record designations are nearly identical. But consolidation of those appeals will require a separate motion directed to Judge Starr, who has the first-filed of those two proceedings. *See Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining first-to-file rule).

The Rule 60(b) and Rule 59(e) appeals cannot be consolidated with the long-pending Rule 9019 and Stay Motion appeals because they are separated by nearly a full year of further developments since the record closed on the prior appeals and are grounded in an entirely separate evidentiary record. Those developments include multiple bankruptcy court rulings, a new round of discovery and depositions, hundreds of new exhibits, and a three-day evidentiary hearing on the Rule 60(b) motion, all of which have vastly expanded and altered the record beyond what was available for the Rule 9019 and Stay Appeals.

Furthermore, Highland's refrain from the inception of these Rule 60(b) proceedings has been that they may be based only on "newly discovered evidence" within the meaning of Rule 60(b)(2), a contention that requires that the evidence was not known or available to the bankruptcy court when it approved the Rule 9019 settlement and denied the Stay Motion in June and July of 2025. Thus, new evidence from the Rule 60(b) proceedings cannot be added to the already-closed records in the Rule 9019 and Stay Appeals and the appellate courts cannot consider it. *See, e.g.*, *In re Adkins*, No. 12-10314, 2014 WL 5801679, at *1 (Bankr. N.D. Tex. Nov. 7, 2014) (holding that items designated for the appellate record must have been "of record and available for consideration by the bankruptcy court when it rendered its decision").

Consolidation is also unworkable because it would require this Court to sort out numerous different or unique issues asserted in the other appeals—and particularly in the Rule 60(b) appeal—that cannot be shoehorned into the Rule 9019 appeal or the Stay appeal. And this Court's resolution of the Rule 9019 appeal or its related motion to dismiss will have little or no impact on the other appeals because each is premised on a significantly different record and Rule 60(b) expressly allows the bankruptcy court—within certain broad limits—to revisit its prior rulings based on new information.

Finally, consolidation with any of the other appeals will not serve judicial economy for the Rule 9019 appeal pending before this Court. That's because this is the only appeal in which briefing is fully complete and there is nothing left for the parties to do but await the Court's setting of oral argument or its ruling. Briefing has not yet begun in the other three appeals Highland seeks to consolidate, and attempting to integrate all the different issues asserted in those appeals into the Rule 9019 appeal would create chaos, scramble the record, and force the parties to re-do their briefing from scratch. This waste of effort and expense serves the interests of no one.

## FACTUAL AND PROCEDURAL BACKGROUND

Between June and September of 2025, Dugaboy filed four separate district court appeals from four different orders by the bankruptcy court. Highland now

seeks to consolidate two of those appeals—the Rule 9019 appeal before this Court and the Motion to Stay appeal before Judge Scholer[4]—together with Dugaboy's recent appeals from the bankruptcy court's recent denial of its Rule 60(b) and Rule 59(e) motions into a single appeal before this Court.

On October 23, 2025, Dugaboy moved to consolidate the Rule 9019 and Stay appeals (along with two others not at issue here)[5] into a single appeal before this Court, arguing (among other reasons) that consolidation would serve judicial economy and avoid wasteful duplication between separate proceedings before different judges. Dkt. 39 at 1–2. In response, Highland strenuously opposed consolidation (among other reasons) on the ground that the separate appeals each raised different issues that should be separately decided based on their "vastly different" records.[6] Dkt. 43 at 2. This Court denied Dugaboy's motion to consolidate on November 18, 2025. Dkt. 48.

On February 9, 2026, Dugaboy filed a motion under Federal Rule of Civil Procedure 60(b) asking the bankruptcy court to vacate its prior order approving the

[4] The other two late-2025 appeals, which Highland does not seek to consolidate, are Dugaboy's appeal from the bankruptcy court's denial of its motion to recuse (initially before Judge Boyle as district court case no. 2597-B and now on appeal at the Fifth Circuit as case no. 26-10012) and from the bankruptcy court's order granting Highland's motion to fix the allowed amount of Dugaboy's Class 11 interest (pending in case no. 2724-L with briefing complete and awaiting Judge Lindsay's ruling).

[5] Those were the Recusal appeal and the Class 11 appeal identified above.

[6] Patrick Daugherty also opposed consolidation of those four appeals because he is party only to the Rule 9019 appeal and has nothing to do with the other appeals. Dkt. 47.

Rule 9019 settlement based on newly discovered evidence that was unavailable to the bankruptcy court when it issued the Rule 9019 order and also on fraud that concealed evidence undermining the validity of the settlement, as well as that the misconduct leading to the settlement approval rendered it manifestly against the interests of justice and for any other reason that justifies relief. Bankr. Dkt. 4513; *see* Fed. R. Civ. P. 60(b)(2), 60(b)(3), and 60(b)(6).

In the ensuing proceedings, the parties took discovery, deposed witnesses, and conducted a three-day evidentiary hearing before the bankruptcy court on May 11–12 and 21, 2026. Bankr. Dkts. 4546, 4630, 4637, 4674.

On June 15, 2026, the bankruptcy court denied Dugaboy's Rule 60(b) motion. Bankr. Dkts. 4679, 4678. On July 13, 2026, Dugaboy timely filed its Notice of Appeal from the denial of that motion. Bankr. Dkt. 4692; *see* case no. 3:26-cv-02315-X, now pending before Judge Starr. Merits briefing has not yet begun, and the parties are awaiting the bankruptcy court's ruling on an ancillary motion to strike record designations under Bankruptcy Rule 8009(e). *See* Bankr. Dkts. 4706, 4736, 4738.

Meanwhile, on June 26, 2026, Dugaboy filed a motion to alter or amend the bankruptcy court's denial of its Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 59(e). Bankr. Dkt. 4684. On July 10, 2026, the bankruptcy court denied Dugaboy's Rule 59(e) motion. Bankr. Dkt. 4689. Dugaboy timely appealed from

that denial. Bankr. Dkt. 4698; *see* case no. 3:36-cv-02496-D now pending before Judge Fitzwater. The record has not yet been transmitted to the district court and a schedule for merits briefing has not yet been set.

On August 28, 2026, Highland filed the instant Motion to Consolidate the Stay appeal and the Rule 60(b) and Rule 59(e) appeals into the Rule 9019 appeal pending before this Court. Dkt. 72.

## LEGAL STANDARD

The Federal Rules of Bankruptcy Procedure permit consolidation of multiple appeals into a single proceeding in specified circumstances. *See* Bankruptcy Rule 8003(b)(2) ("When parties have separately filed timely notices of appeal, the district court . . . may join or consolidate the appeals."). As written, Rule 8003(b) was designed primarily for consolidating appeals initiated by multiple parties of *a single judgment or order*. *See* Fed. R. Bankr. P. 8003(b) (providing that "When *two or more parties* are entitled to appeal from a bankruptcy court's *judgment, order, or decree* and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant." and then providing that "*when parties have separately filed timely notices of appeal*, the district court or BAP may join or consolidate the appeals." (emphases added). And even when appeals are taken by the same parties from the same orders, courts consolidate such cases only sparingly.

Within certain broad limits—that consolidation is only proper where the orders are interrelated, the parties are the same, and the appeals share common questions of law and fact—the district court with the first-filed appeal has discretion on whether to consolidate bankruptcy appeals. *See In re Monge*, 700 F. App'x 354, 355 (5th Cir. 2017); *In re Purdue Pharma L.P.*, No. 25-CV-09681 (NSR), 2026 WL 1034113, at *4 (S.D.N.Y. Apr. 16, 2026). But those are not the circumstances here. Highland is not seeking to consolidate appeals initiated by "two or more parties" from a single judgment. *See* Bankruptcy Rule 8003(b). Instead, it seeks to consolidate appeals initiated by the ***same*** party from ***four separate*** bankruptcy court judgments that are premised on different issues and different records—an outcome at odds with the purposes behind the Bankruptcy Rules.

## ARGUMENT

### A. Consolidating the Two Appeals Pending from the Summer of 2025 Makes Far Less Sense Today Than When It Was First Sought.

Dugaboy opposes Highland's Motion (with one exception discussed in Section C below) and particularly contends that the Rule 9019 and Stay appeals should not be consolidated with each other or with the two more recent appeals.

With respect to the two appeals from the bankruptcy court's orders in June and July 2025—the settlement approval order and the order declining a stay thereof

—Dugaboy did seek their consolidation in 2025.[7] *See* Dkts. 39, 45. Highland opposed that consolidation then. Dkt. 43.

Much has transpired since that motion, all of which counsels against consolidation now. First, the settlement approval appeal before this Court has been fully briefed. Whatever sense consolidation of the 2025 appeals made near their inception is not present now.

Second, this Court rejected the bases for consolidation presented in 2025. Dkt. 48. ***Message received***. Dugaboy's respect for this Court's prior orders makes it reluctant to come back and tax this Court's patience with arguments it has already heard, considered, and rejected. That by itself is ample reason to deny Highland's Motion.

Third, Highland is going far beyond merely consolidating the appeals from the 2025 orders near their inception and is seeking further consolidation of another bankruptcy judge's rulings in 2026, on an entirely separate record. That is not warranted for the reasons detailed below.

---

[7] In that motion, Dugaboy sought to consolidate the Rule 9019 and Stay appeals with two other pending appeals not at issue in Highland's current motion—the Recusal appeal and the Class 11 appeal mentioned above.

### B. Highland Has No Good Explanation for its Own Reversal on Consolidation

There is, by contrast, no explanation why Highland—having opposed consolidation with apparent success before this Court last year—now offers the same arguments in favor of consolidation that it scoffed at when Dugaboy made them. *Compare* Dkt. 72 (Highland's current Motion) *with* Dkt. 43 (Highland's response to Dugaboy's prior motion to consolidate):

| **Highland today (Dkt. 72)** | **Highland last year (Dkt. 43)** |
|---|---|
| "Consolidation is particularly appropriate here because ***all of the Appeals arise from the same Rule 9019 Order***," *Id.* at 4 (emphasis in original). | "[T]he four Appeals[8] subject to the Consolidation Motion concern unrelated Orders that resolved different motions involving different legal standards, different parties, and vastly different records." *Id.* at 1. |
| "Consolidation will therefore maximize judicial economy, conserve the parties' resources, and avoid inconsistent rulings." *Id.* | Dugaboy's proposed consolidation "would violate Appellees' right to have each Appeal heard under the proper legal standard and on the basis of a record limited to the items admitted into evidence or considered by the Bankruptcy Court in connection with each Order." *Id.* at 4. |
| "[B]ecause the Appeals challenge the same exact Rule 9019 Order, there is no risk of prejudice or confusion from consolidation." *Id.* at 10. | Consolidation would "severely prejudice Highland's ability to oppose each Appeal based on the distinct record underlying each Order." *Id.* at 5. |

[8] As noted above, only two of the appeals addressed in Dugaboy's prior motion to consolidate—the Rule 9019 appeal and the Stay appeal—are at issue in Highland's current motion.

| | |
|---|---|
| "[C]onsolidation will result in substantial efficiencies that will conserve judicial resources, reduce expenses, and avoid any unfair advantage." *Id.* | Allowing Dugaboy's proposed consolidation "would infringe on Appellees' right to have the Appeals of unique, separate orders determined on the basis of unique, separate records." *Id.* at 19. |
| Maintaining four separate appeals "will be an inefficient waste of both judicial and the parties' resources and will give Dugaboy an unfair advantage by permitting it multiple bites at the apple to challenge the same exact Rule 9019 Order." *Id.* at 11. | "Dugaboy's Consolidation Motion is more of the same: wasteful litigation for the apparent purpose of seeking retribution." *Id.* at 17. |

### C. The Rule 60(b) and Rule 59(e) Appeals Can and Should Be Consolidated With Each Other—But Not Here or Now

The Rule 60(b) and Rule 59(e) appeals can and should be consolidated with each other. They have nearly identical appellate records, and the issues in the Rule 59(e) appeal are largely derivative of those in the Rule 60(b) appeal insofar as they concern reconsideration of the bankruptcy court's rulings in the Rule 60(b) proceeding. But that argument is not proper for this motion in this Court. A motion to consolidate those appeals must be filed in Judge Starr's court insofar as he has the first-filed of the two. *See* Bankr. Dkts. 4692 and 4698 (notices of appeal filed on July 13, 2026, for the Rule 60(b) appeal and July 24, 2026, for the Rule 59(e) appeal); *Cadle*, 174 F.3d at 603.

### D. The Rule 60(b) and Rule 59(e) Appeals Cannot Be Consolidated With the Rule 9019 and Stay Appeals

The recent Rule 60(b) and Rule 59(e) appeals cannot practicably be consolidated with the older Rule 9019 or Stay Appeals for numerous reasons. First, more than a full year has passed since the bankruptcy court issued the orders approving the 9019 settlement and denying the Stay Motion and thus closed the door on the appellate record for those proceedings. Bankr. Dkt. 4297 (June 30, 2025), 4333 (July 21, 2025); *see Adkins*, 2014 WL 5801679, at *1 (the appellate record is limited to items that were available for the bankruptcy court's consideration when it made the appealed ruling). Too much has happened in that time to make consolidation feasible or even plausible.

The July 2026 appeals reflect a landscape greatly different in both law and facts from that of the June and July 2025 appeals. They come with vastly different records on appeal which incorporate a year's worth of new filings and rulings in the bankruptcy court. Those records contain a considerable body of new evidentiary material obtained through multiple sources including the ability of a receiver to step into the shoes of Mr. Patrick's entities under the order of the Cayman Islands courts as well as separate discovery and depositions taken in the course of the proceedings on Dugaboy's Rule 60(b) motion. Those proceedings yielded hundreds of new exhibits which were submitted with the briefing or presented at the three-day evidentiary hearing on that motion.

Furthermore, one of the major premises for Dugaboy's Rule 60(b) motion is that relief is warranted based on "newly discovered evidence" that was not available when the bankruptcy court ruled on the 9019 settlement or the Stay Motion. *See* Fed. R. Civ. P. 60(b)(2).[9] Those new materials—both by definition and in fact—were necessarily unavailable to the bankruptcy court when it made those rulings and therefore cannot be added to the record or considered by the Court for those appeals. *See* Bankruptcy Rule 8009(e); *Adkins*, 2014 WL 5801679, at *1; *cf. Karaha Bodas Co., LLC v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, No. 02-20042, 2003 WL 2107134, at *3 (5th Cir. Mar. 5, 2003) (noting corresponding rule that "newly discovered evidence" from a district court proceeding cannot be used to supplement the record for a circuit court appeal). But for the new appeals, the Court ***must*** consider those same materials. If the appeals from last year and this summer are consolidated, it will be impossible to assemble or rely on a "consolidated" record given the intricate and clashing restrictions on what material this Court is or is not allowed to consider or even see depending on which time frame gave rise to which different appellate issues. The Court cannot easily "unsee" for purposes of the older appeals what it must see to resolve the newer ones.

---

[9] The other two premises for Dugaboy's motion are fraud under Rule 60(b)(3) and the catchall provision in Rule 60(b)(6) for "any other reason that justifies relief."

The issues raised in the new appeals are also dramatically different from those raised in the Rule 9019 Appeal or the Stay Appeal. *See* Exhibits A, B, and C (Statements of Issues filed in the bankruptcy court for the Stay appeal, Rule 60(b) appeal, and Rule 59(e) appeal, respectively); Dkt. Nos. 4374, 4705, and 4707.

In the fully briefed Rule 9019 appeal before this Court, Dugaboy challenges the bankruptcy court's approval of the settlement without adequate information to assess its fairness and despite knowing that further information about Mark Patrick's misdeeds would soon be coming from the Cayman proceedings.[10] Dkt. 52 at 5.

In the Stay Appeal before Judge Scholer (which itself is currently stayed and not yet briefed, *see* Dkt. 18 in 2072-S case), Dugaboy challenges several of the bankruptcy court's conclusions related to its July 21, 2025, denial of Dugaboy's motion to stay the 9019 settlement approval. Ex. A; Bankr. Dkts. 4326, 4333, 4374. Despite the mere two weeks separating those two orders, the issues Dugaboy raises do not neatly overlap. Dugaboy continues its challenge to Mark Patrick's role in approving the settlement, but this time with a much more detailed picture of the Cayman allegations and a rebuttal of the bankruptcy court's conclusion that a stay was unnecessary because Dugaboy could pursue relief against Mr. Patrick in the Cayman proceeding. Ex. A, Issues 3, 4, and 6. Other discrete issues relate to the

[10] Dugaboy also challenges the bankruptcy court's use of an unsupported valuation method, but that does not concern the other appeals at issue here. *See* Dkt. 52 at 5.

bankruptcy court's legal conclusions about the basis for Dugaboy's stay motion as well as the separate stay request from the Texas Attorney General's office (both of which postdate the closing of the record in the 9019 appeal and thus cannot be considered for the issues in that appeal). *Id.*, Issues 1 and 2.

The Rule 60(b) appeal asserts numerous issues that would make consolidation with the 9019 Appeal, the Stay Appeal, or both difficult if not impossible. Ex. B, Bankr. Dkt. 4705. That Rule 60(b) appeal arises from an entirely separate evidentiary record. Indeed, Highland insists that the Rule 60(b) motion ***cannot*** be used as a mechanism to reconsider the 2025 settlement approval ruling but must be entertained only on the basis of evidence that was absent from the record in 2025. *See* Bankr. Dkt. 4535 at 31 (Highland's response to Dugaboy's Rule 60(b) motion).

Several issues focus on specific procedural or discovery or evidentiary rulings that the bankruptcy court made during the course of the Rule 60(b) proceedings, none of which concern the 9019 Appeal or the Stay Appeal at all. *See, e.g., id.* Issues 2, 19–25 (specific evidentiary and trial conduct rulings); 3, 26–28 (scope of allowed discovery). And still other issues raised in the Rule 60(b) appeal have no counterpart at all in the 9019 Appeal, *see, e.g., id.*, Issues 16–18 (various issues relating to Chief Judge Jernigan's recusal) or in the Stay Appeal, *e.g.*, Issues 32–34 (whether the bankruptcy court's role in deciding these issues or the reviewing court's deference to its decisions is unconstitutional in light of recent Supreme Court decisions).

Finally, the Rule 59(e) appeal largely echoes the issues from the Rule 60(b) appeal in that it seeks reconsideration of various rulings and determinations made by the bankruptcy court in the course of the Rule 60(b) proceedings. Ex. C, Bankr. Dkt. 4707. It is utterly incompatible with the Rule 9019 and Stay Appeals for all the same reasons.

### E. No Controlling Law Requires Consolidation of a Rule 60(b) Appeal With an Appeal of the Underlying Order.

Highland argues that a Rule 60(b) appeal is somehow automatically consolidated with the appeal from the underlying order as a matter of law. *See* Dkt. 72 at 7. This contention finds no support in any case law and defies common sense. When most other factors that bear on consolidation are (within broad limits) left to the discretion of the first-filed appellate court, *see Monge*, 700 F. App'x at 355; *Purdue Pharma,* 2026 WL 1034113, at *4—it makes no sense that the law would carve out a uniquely absolute, automatic, and self-executing rule for only the small set of appeals taken from Rule 60(b) proceedings. No law supports such a notion.

Highland's reading severely overstates applicable Fifth Circuit law. The rule stated in *Karaha* pertains to appellate ***jurisdiction*** when a Rule 60(b) motion is pending while the underlying judgment is appealed; it has nothing to do with the separate issue of consolidation. *See* 2003 WL 2107134 at *4. The Fifth Circuit's approach aims to balance judicial economy against preventing appellate and lower courts from exercising dual and potentially clashing jurisdiction. *Id.*; *see Winchester*

*v. U.S. Atty. for S.D. Tex.*, 68 F.3d 947, 949 (5th Cir. 1995) (dismissing appeal for want of jurisdiction); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994) (describing interplay of appellate and lower court jurisdiction when Rule 60(b) relief and relief from underlying judgment are both pending).

Only one passage Highland cites in *Karaha* as supporting mandatory consolidation could, in a vacuum, be read either way. Dkt. 72 at 7; 2003 WL 21027134, at *4 ("[T]he appeal from the denial [of a Rule 60(b) motion] ***is consolidated*** with the appeal from the underlying order.") (emphasis added). But at multiple other points *Karaha* plainly describes such consolidation as merely permissive. *See id.* at *5 (stating that denial of a Rule 60(b) motion "***permit[s]***" consolidation with the underlying judgment appeal and that the appeals "***can***" be consolidated) (emphasis added). Further, *Karaha* cites the Fourth Circuit's *Fobian v. Storage Tech. Corp.* decision, which also uses permissive language. *Id.* at *4; *see* 164 F.3d 887, 889 (4th Cir. 1999) (stating that Rule 60(b) appeals "***can*** be consolidated with the underlying appeals") (emphasis added). Nor does *Emmett* support mandatory consolidation. *Emmett v. McGuire*, No. 2010 WL 11541783, at *3–*4 (N.D. Tex. Oct. 12, 2010). That decision merely follows *Karaha*, whose plain wording ("can" rather than "shall") supports the far more likely reading that the treatment of a Rule 60(b) appeal falls within the broad discretion of the first-filed appellate court as do the other factors in the consolidation analysis. *See Monge*, 700

F. App'x at 355; *Purdue Pharma*, 2026 WL 1034113, at *4. In other words, the Court ***can*** consolidate the Rule 60(b) appeal with the Rule 9019 appeal if it concludes circumstances warrant—which Dugaboy has never disputed—but there are many good reasons why it should not.

### F. Resolving the Appeal Before This Court Will Not Necessarily Moot or Dictate the Outcome of the Other Pending Appeals

Consolidation could make some sense if a reviewing court's decision on one appeal could determine the outcome of other appeals or moot them. But despite Highland's wish, *see* Dkt. 72 at 4, 10, that is not the case here. Neither the merits appeal in the Rule 9019 case nor the ancillary motion to dismiss based on statutory mootness will have the deck-clearing impact Highland promises.[11] That's because, as explained in Section D above, the legal and factual issues in this proceeding have only a partial and tenuous overlap even with those in the Stay Appeal, let alone the far more remote issues of the Rule 60(b) and Rule 59(e) appeals.

#### *1. An adverse ruling on the merits of the Rule 9019 Appeal will not preclude Dugaboy from pursuing its other pending appeals*

The whole premise of Rule 60(b) is that a trial court **can** revisit and undo its prior rulings based on information or considerations it did not have the first time around—especially in the situations envisioned in the Rule such as newly discovered

[11] Highland's hope to pull off a "kill shot" with its motion to dismiss is no doubt the real reason why it suddenly wants to consolidate all the other appeals into this one.

evidence or fraud. And the trial court's discretion to change its own mind is very broad,[12] in contrast to the standards of review that straitjacket appellate courts and the minefields of record designation and preservation that constrain appellants. That is why, even if this Court affirms the bankruptcy court's original order approving the Rule 9019 settlement, Dugaboy is not precluded from asking the bankruptcy court to take a second look based on new information applied via the Rule 60(b) framework. If the bankruptcy court denies that request as it did here, Bankr. Dkt. 4679, 4678, that results in an entirely different appeal whose issues and record cannot be shoehorned into this one. *See* Case No. 26-cv-02315-X.

#### 2. *An adverse ruling on the Motion to Dismiss for Statutory Mootness will not preclude Dugaboy from pursuing its other pending appeals*

The same considerations limit the reach of Highland's much-oversold motion to dismiss this appeal based on statutory mootness. *See* Dkts. 21 (Highland's motion), 33 (Dugaboy's response), 36 (Highland's reply). If this Court grants that motion and finds that the Settlement was a proper sale executed in good faith and thus protected by the waiver provision in 11 U.S.C. § 363(m), the result will be a finding that Dugaboy waived its challenge to those determinations based on the

[12] The eventual recusal of Chief Judge Jernigan and her replacement by Judge Odell did not limit the bankruptcy court's discretion. A successor judge has discretion to reconsider orders made by the predecessor judge. *In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir. 2009).

evidentiary record of ***this appeal***—which is sharply limited to what the bankruptcy court actually knew and was able to consider when it made its June 30, 2025, ruling.

That viewpoint is severely constrained in comparison to the greatly expanded record for the Rule 60(b) appeal, which provides a far more detailed account of the machinations and misdeeds by Mark Patrick, HMIT, and Highland that led to the Settlement. And the famished record here is the deliberate result (successful at least in the short term) of Mr. Patrick's and Highland's fraudulent scheme to conceal those misdeeds and their effect on the Settlement from Dugaboy and other innocent stakeholders and from the bankruptcy court. *See* Fed. R. Civ. P. 60(b)(3) (allowing vacatur based on fraud, misrepresentation, or misconduct by an opposing party).

Moreover, neither Highland nor any other party to the settlement argued to the bankruptcy court that it could not entertain a Rule 60(b) motion to vacate it because of statutory mootness. That failure waives any argument by Highland that the resolution of its statutory mootness motion in the Rule 9019 appeal will somehow effect the Rule 60(b) proceedings.

### G. This Court Should Not Consolidate the Rule 9019 Appeal With Any Other Pending Proceeding

Finally, the Rule 9019 appeal cannot be consolidated with any of the other pending appeals because ***the record is closed and all briefing is complete***, both for the main appeal and the motion to dismiss. *See* Dkt. 66 (March 27, 2026, order staying and administratively closing the motion to dismiss pending its

determination). It makes no sense to consolidate the only appeal where briefing is complete with three others where it hasn't even started. If any of those appeals are consolidated into this one, briefing will be reopened and this Court will have to simultaneously focus on and ignore different items from a thoroughly scrambled record depending on which appellate issue was raised on which date. *See* Section D above; *Adkins*, 2014 WL 5801679, at *1. Such a result will subvert judicial economy and will not benefit the Court or the parties.

## CONCLUSION

For the reasons set forth above—many of which Highland itself vigorously argued not long ago—the Court should summarily deny Highland's Motion to Consolidate as it did with the prior motion. This Court previously concluded that consolidation was a bad idea, and nothing in the current circumstances or in Highland's Motion should change its mind. But if the Court is contemplating granting Highland's Motion or any part of it, Dugaboy respectfully requests that the Court first allow the parties a hearing on the matter.

Dated: September 4, 2026

Respectfully submitted,

**KING & SPALDING LLP**

By: /s/ Geoffrey S. Harper
Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

Michael J. Edney
D.C. Bar No. 492024
michael.edney@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001

***Counsel for Appellant The Dugaboy Investment Trust***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 4, 2026, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

/s/ Geoffrey S. Harper
Geoffrey S. Harper

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 5,173 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type of footnotes).

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

# EXHIBIT A

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

*Counsel for Appellant The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054-sgj** |
| | § | |
| **Reorganized Debtor.** | § | |
| | § | |

**APPELLANT THE DUGABOY INVESTMENT TRUST'S STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL FROM THE BANKRUPTCY COURT'S ORDER REGARDING STAY REQUESTS [ADDRESSING DE ## 4326 & 4308]**

Pursuant to Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Appellant The Dugaboy Investment Trust ("Appellant"), having filed a Notice of Appeal [Docket No. 4353] on August 4, 2025 in the above-captioned case from the Bankruptcy Court's July 21, 2025 *Memorandum Order and Opinion Regarding Stay Requests [Addressing DE ## 4326 & 4308]*[Docket No. 4333], hereby submits this *Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal*, and respectfully requests that the Clerk prepare and forward the items listed herein to the District Court for inclusion in the record in connection with this appeal.[1]

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

1. **Did the Bankruptcy Court err in faulting Dugaboy's Stay Request because Dugaboy did not make a "standard" request for a stay pending appeal pursuant to Federal Bankruptcy Rule 8007?**

2. **Did the Bankruptcy Court err in determining that the Bankruptcy Rule 9019 settlement proceeding was not "a proceeding involving a charitable trust"?**

3. **Did the Bankruptcy Court err in concluding there was insufficient evidence connecting Mark Patrick's involvement in this Court's Rule 9019 settlement proceedings to the allegations of wrongdoing against Patrick in the Cayman Islands proceeding?**

4. **Did the Bankruptcy Court err in failing to recognize that the new evidence of Mark Patrick's misconduct exposed in the Cayman Islands proceeding fatally undermines the 9019 settlement by establishing that Patrick lacked authority to enter into the settlement?**

5. **Did the Bankruptcy Court err in concluding that a stay was unnecessary because Dugaboy could still pursue remedies against Mark Patrick in the Cayman Islands proceeding?**

6. **Did the Bankruptcy Court err in failing to recuse itself under 28 U.S.C. § 455 due to the appearance of partiality created by the presiding judge's authorship of novels that bear striking factual and thematic similarities to the Highland Capital Management bankruptcy proceedings and portray hedge fund principals in an overtly negative**

[1] Because of its voluminous nature, Docket #4255 will be delivered to the Clerk on a flash drive which will arrive tomorrow.

Case 19-34054-sgj11 Doc 4374 Filed 08/18/25 Entered 08/18/25 20:38:17 Desc
Main Document Page 3 of 16

**light, thereby depriving Dugaboy of an impartial judge with respect to the stay motion?**

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

1. Notice of Appeal for Bankruptcy Case No. 19-34054-sgj11 [Docket No. 4353] filed by Appellant;
2. Bankruptcy Court's *Memorandum Opinion and Order Regarding Stay Requests [Addressing DE ## 4236 & 4308* [Docket No. 4333];
3. Docket entries kept by the bankruptcy clerk in case no. 19-34054-sg11;
4. Any opinion, findings of fact and conclusions of law of the bankruptcy court relating to the issues on appeal, including transcripts of all oral rulings: Transcript of hearing held June 25, 2025 before Judge Stacey C.G. Jernigan [Docket No. 4296] re: Motion for Entry of an Order Approving Settlement with HMIT Entities (4216) [Docket No. 4297]; and
5. Each of the additional documents and items designated below:

| Date Filed | Docket No. | Description/Docket Text |
|---|---|---|
| 2/22/2021 | 1943 | Order confirming the fifth amended chapter 11 plan, as modified and granting related relief (RE: related document(s)1472 Chapter 11 plan filed by Debtor Highland Capital Management, L.P., 1808 Chapter 11 plan filed by Debtor Highland Capital Management, L.P.). Entered on 2/22/2021 (Okafor, M.) |
| 3/18/2021 | 2060 | Motion to recuse Judge Jernigan Filed by Interested Party James Dondero (Lang, Michael) |
| 3/18/2021 | 2061 | Brief in support filed by Interested Party James Dondero (RE: related document(s)2060 Motion to recuse Judge Jernigan). (Lang, Michael) |
| 3/18/2021 | 2062 | Support/supplemental document Appendix to Motion to Recuse filed by Interested Party James Dondero (RE: related document(s)2060 Motion to recuse Judge Jernigan). (Lang, Michael) |
| 3/23/2021 | 2083 | Order denying motion to recuse (related document #2060) Entered on 3/23/2021. (Okafor, M.) |

| | | |
|---|---|---|
| 4/6/2021 | 2169 | Amended notice of appeal filed by Interested Party James Dondero (RE: related document(s)2149 Notice of appeal). (Lang, Michael) |
| 4/15/2022 | 2205 | Statement of issues on appeal, filed by Interested Party James Dondero (RE: related document(s)2083 Order on motion to recuse Judge). (Lang, Michael) |
| 4/15/2021 | 2206 | Appellant designation of contents for inclusion in record on appeal filed by Interested Party James Dondero (RE: related document(s)2169 Amended notice of appeal). Appellee designation due by 04/29/2021. (Lang, Michael) |
| 2/9/2022 | 3264 | DISTRICT COURT MEMORANDUM OPINION AND ORDER - The Recusal Order is not a final, appealable order, is not subject to the collateral order doctrine, and is not an appealable interlocutory order under § 1292 (a) and the Court is without jurisdiction over this appeal of the Bankruptcy Court's Recusal Order. The Court further denies Appellants leave to appeal the Recusal Order under § 1292 (b), denies Appellants' request to withdraw the reference of their motion to recuse, and denies Appellants' request to construe their appeal as a petition for writ of mandamus. Accordingly, the Court dismisses this appeal for lack of jurisdiction. (Ordered by Judge Ed Kinkeade on 2/9/2022). Civil Action number:3:21-cv-00879-K, DISMISSED for lack of jurisdiction (RE: related document(s)2083 Order on motion to recuse Judge). Entered on 2/9/2022 (Whitaker, Sheniqua) Modified on 2/25/2022 (Whitaker, Sheniqua). (Entered: 02/25/2022) |
| 7/20/2022 | 3406 | Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support Filed by Interested Party James Dondero (Attachments: #1 Appendix Appendix (Lang, Michael) Modified text on 7/21/2022 (Ecker, C.). |
| 8/1/2022 | 3422 | Notice of hearing on Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero (RE: related document(s)3406 Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support Filed by Interested Party James Dondero (Attachments: # 1 Appendix Appendix) (Lang, Michael) Modified text on 7/21/2022(Ecker, C.).). Hearing to be held on 8/31/2022 at 09:30 AM at https://us-courts.webex.com/meet/jerniga for 3406, (Lang, Michael) |

| | | |
|---|---|---|
| 8/15/2022 | 3444 | Response opposed to (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) filed by Debtor Highland Capital Management, L.P.. (Attachments: #1 Exhibit A (Annable, Zachery) |
| 8/15/2022 | 3445 | Exhibit List (Appendix in Support of Highland Capital Management, L.P.'s Objection to Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 USC 455 and Brief in Support) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)3444 Response). (Attachments: #1 Exhibit 1 , #2 Exhibit 2 , #3 Exhibit 3 , #4 Exhibit 4 , #5 Exhibit 5 , #6 Exhibit 6 , #7 Exhibit 7 , #8 Exhibit 8 , #9 Exhibit 9 , #10 Exhibit 10 , #11 Exhibit 11 , #12 Exhibit 12 , #13 Exhibit 13 , #14 Exhibit 14 , #15 Exhibit 15 , #16 Exhibit 16 , #17 Exhibit 17 , #18 Exhibit 18 , #19 Exhibit 19 , #20 Exhibit 20 , #21 Exhibit 21 , #22 Exhibit 22 , #23 Exhibit 23 , #24 Exhibit 24 , #25 Exhibit 25 , #26 Exhibit 26 , #27 Exhibit 27 , #28 Exhibit 28 , #29 Exhibit 29 , #30 Exhibit 30 , #31 Exhibit 31 , #32 Exhibit 32 , #33 Exhibit 33 , #34 Exhibit 34 , #35 Exhibit 35 , #36 Exhibit 36 , #37 Exhibit 37 , #38 Exhibit 38 , #39 Exhibit 39 , #40 Exhibit 40 , #41 Exhibit 41 , #42 Exhibit 42 , #43 Exhibit 43 , #44 Exhibit 44 , #45 Exhibit 45 , #46 Exhibit 46 , #47 Exhibit 47 , #48 Exhibit 48 , #49 Exhibit 49 , #50 Exhibit 50 , #51 Exhibit 51 , #52 Exhibit 52 , #53 Exhibit 53 , #54 Exhibit 54 , #55 Exhibit 55 , #56 Exhibit 56 , #57 Exhibit 57 , #58 Exhibit 58 , #59 Exhibit 59 , #60 Exhibit 60 , #61 Exhibit 61 , #62 Exhibit 62 , #63 Exhibit 63 , #64 Exhibit 64 , #65 Exhibit 65 , #66 Exhibit 66 , #67 Exhibit 67 , #68 Exhibit 68 , #69 Exhibit 69 , #70 Exhibit 70 , #71 Exhibit 71 , #72 Exhibit 72 , #73 Exhibit 73 , #74 Exhibit 74 , #75 Exhibit 75 , #76 Exhibit 76 , #77 Exhibit 77 , #78 Exhibit 78 , #79 Exhibit 79 , #80 Exhibit 80 , #81 Exhibit 81 , #82 Exhibit 82 , #83 Index 83 , #84 Exhibit 84 , #85 Exhibit 85 , #86 Exhibit 86 (Annable, Zachery) |
| 8/15/2022 | 3446 | Motion to strike (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) (Highland Capital Management, L.P.'s Motion to (A) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (B) Alternatively, to Compel the Lawyers' |

| | | |
|---|---|---|
| | | Depositions) Filed by Debtor Highland Capital Management, L.P. (Annable, Zachery) |
| 8/15/2022 | 3447 | Declaration re: (Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion to (A) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (B) Alternatively, to Compel the Lawyers' Depositions) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)3446 Motion to strike (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) (Highland Capi). (Annable, Zachery) |
| 8/17/2022 | 3456 | Notice of hearing filed by Debtor Highland Capital Management, L.P. (RE: related document(s)3446 Motion to strike (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) (Highland Capital Management, L.P.'s Motion to (A) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (B) Alternatively, to Compel the Lawyers' Depositions) Filed by Debtor Highland Capital Management, L.P., 3449 Motion to compel Lawyers' Depositions. Filed by Debtor Highland Capital Management, L.P. (Ecker, C.)). Hearing to be held on 8/31/2022 at 09:30 AM at https://us-courts.webex.com/meet/jerniga for 3446 and for 3449, (Annable, Zachery) |
| 8/22/2022 | 3463 | Reply to (related document(s): 3444 Response filed by Debtor Highland Capital Management, L.P.) filed by Interested Party James Dondero. (Lang, Michael) |
| 8/24/2022 | 3466 | Amended Notice of hearing filed by Interested Party James Dondero (RE: related document(s)3406 Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support Filed by Interested Party James Dondero (Attachments: # 1 Appendix Appendix) (Lang, Michael) Modified text on 7/21/2022(Ecker, C.)., 3446 Motion to strike (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) (Highland Capital Management, L.P.'s Motion to (A) Strike Letters Attached to Appendix in Support of the Dondero Parties' Supplemental Recusal Motion [Docket No. 3406], or, (B) Alternatively, to Compel the Lawyers' |

| | | |
|---|---|---|
| | | Depositions) Filed by Debtor Highland Capital Management, L.P., 3449 Motion to compel Lawyers' Depositions. Filed by Debtor Highland Capital Management, L.P. (Ecker, C.), 3462 Order converting the August 31, 2022 at 9:30 AM Hearing on (A) The motion for final appealable order and supplement to motion to recuse and (B) related motions to strike and compel to a preliminary status/scheduling conference (RE: related document(s)3406 Motion for leave filed by Interested Party James Dondero, 3446 Motion to strike document filed by Debtor Highland Capital Management, L.P., 3449 Motion to compel filed by Debtor Highland Capital Management, L.P.). Entered on 8/19/2022 (Ecker, C.)). Status Conference to be held on 8/31/2022 at 09:30 AM at https://us-courts.webex.com/meet/jerniga. (Lang, Michael) |
| 8/26/2022 | 3470 | Amended motion for final appealable order and proposed supplement to the record filed by Interested Party James Dondero (RE: related document(s)3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support). (Attachments: #1 Appendix (Lang, Michael) MODIFIED text to match PDF on 9/1/2022 (Ecker, C.). |
| 8/26/2022 | 3471 | Stipulation by James Dondero and Highland Capital Management, L.P.. filed by Interested Party James Dondero (RE: related document(s)3446 Motion to strike (related document(s): 3406 Motion for leave Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support filed by Interested Party James Dondero) (Highland Capi, 3449 Motion to compel Lawyers' Depositions.). (Lang, Michael) |
| 8/31/2022 | 3478 | 3478 Hearing held on 8/31/2022. (RE: related document(s)3406 Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support, filed by Interested Party James Dondero.) (Appearances: M. Lang for Movants; J. Pomeranz for Reorganized Debtor. Nonevidentiary status conference. Based on discussions with counsel at status conference as to what actual relief is being sought, the motion (even as currently amended) will be denied as procedurally defective. This is without prejudice to movants filing a new motion pursuant to Rule 54 seeking the simple relief of having the last sentence of this courts 3/23/21 order deleted, or a new motion to recuse, if Movants have any desire to supplement the record. Court to issue order.) (Edmond, Michael) |
| 9/1/2022 | 3479 | Order denying amended motion of James Dondero, Highland Capital Management Fund Advisors, L.P., Nexpoint Advisors, |

| | | |
|---|---|---|
| | | L.P. The Dugaboy Investment Trust Get Good Trust and, Nexpoint Real Estate Partners, LLC, F/K/A HCRE Partners, A Delaware Limited Liability Company for final appealable order and supplement to motion to recuse pursuant to 28 U.S.C. Section 455 (RE: related document(s)3470 Brief filed by Interested Party James Dondero). Entered on 9/1/2022 (Okafor, Marcey) |
| 9/1/2022 | 3480 | Transcript regarding Hearing Held 08/31/2022 (27 pages) RE: Status Conference Re: Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 (#3406). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/30/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 3478 Hearing held on 8/31/2022. (RE: related document(s)3406 Motion for Final Appealable Order and Supplement to Motion to Recuse Pursuant to 28 U.S.C. § 455 and Brief in Support, filed by Interested Party James Dondero.) (Appearances: M. Lang for Movants; J. Pomeranz for Reorganized Debtor. Nonevidentiary status conference. Based on discussions with counsel at status conference as to what actual relief is being sought, the motion (even as currently amended) will be denied as procedurally defective. This is without prejudice to movants filing a new motion pursuant to Rule 54 seeking the simple relief of having the last sentence of this courts 3/23/21 order deleted, or a new motion to recuse, if Movants have any desire to supplement the record. Court to issue order.)). Transcript to be made available to the public on 11/30/2022. (Rehling, Kathy) |
| 9/27/2022 | 3541 | Motion to recuse Judge Stacey G. C. Jernigan Filed by Interested Party James Dondero (Lang, Michael) |
| 9/72/2022 | 3542 | Brief in support filed by Interested Party James Dondero (RE: related document(s)3541 Motion to recuse Judge Stacey G. C. Jernigan). (Attachments: #1 Appendix (Lang, Michael) |
| 10/14/2022 | 3567 | Agreed Scheduling Order on renewed motion to recuse (related document #3541) Entered on 10/14/2022. (Okafor, Marcey) |

| | | |
|---|---|---|
| 10/17/2022 | 3570 | Motion to recuse Judge Stacey G. C. Jernigan - AMENDED Filed by Interested Party James Dondero (Lang, Michael) |
| 10/17/2022 | 3571 | Brief in support filed by Interested Party James Dondero (RE: related document(s)3570 Motion to recuse Judge Stacey G. C. Jernigan - AMENDED). (Attachments: #1 Appendix (Lang, Michael) |
| 10/31/2022 | 3595 | Response opposed to (related document(s): 3541 Motion to recuse Judge Stacey G. C. Jernigan filed by Interested Party James Dondero, 3570 Motion to recuse Judge Stacey G. C. Jernigan - AMENDED filed by Interested Party James Dondero) filed by Debtor Highland Capital Management, L.P.. (Annable, Zachery) |
| 10/31/2022 | 3596 | Support/supplemental document (Appendix in Support of Highland's Objection to Renewed Motion to Recuse Pursuant to 28 U.S.C. 455 and Brief in Support) filed by Debtor Highland Capital Management, L.P. (RE: related document(s)3595 Response). (Attachments: #1 Exhibit 1 , #2 Exhibit 2 , #3 Exhibit 3 , #4 Exhibit 4 , #5 Exhibit 5 , #6 Exhibit 6 , #7 Exhibit 7 , #8 Exhibit 8 , #9 Exhibit 9 , #10 Exhibit 10 , #11 Exhibit 11 , #12 Exhibit 12 , #13 Exhibit 13 , #14 Exhibit 14 , #15 Exhibit 15 , #16 Exhibit 16 , #17 Exhibit 17 , #18 Exhibit 18 , #19 Exhibit 19 , #20 Exhibit 20 , #21 Exhibit 21 , #22 Exhibit 22 , #23 Exhibit 23 , #24 Exhibit 24 , #25 Exhibit 25 , #26 Exhibit 26 , #27 Exhibit 27 , #28 Exhibit 28 , #29 Exhibit 29 , #30 Exhibit 30 , #31 Exhibit 31 , #32 Exhibit 32 , #33 Exhibit 33 , #34 Exhibit 34 , #35 Exhibit 35 , #36 Exhibit 36 (Annable, Zachery) |
| 3/3/2023 | 3673 | Brief in support filed by Interested Party James Dondero (RE: related document(s)3570 Motion to recuse Judge Stacey G. C. Jernigan - AMENDED). (Lang, Michael) |
| 3/6/2023 | 3675 | Memorandum of Opinion and Order Denying Amended Renewed Motion to Recuse Pursuant to 28 U.S.C. Section 455 (RE: related document(s)3570 Motion to recuse Judge filed by Interested Party James Dondero). Entered on 3/6/2023 (Okafor, Marcey) |
| 3/6/2023 | 3676 | Order Denying Amended Renewed Motion to Recuse Pursuant to U.S.C. Section 455 (related document #3570) Entered on 3/6/2023. (Okafor, Marcey) |
| 5/19/2025 | 4216 | Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland |

| | | |
|---|---|---|
| | | Claimant Trust, Interested Party Highland Litigation Sub-Trust (Attachments: #1 Exhibit A--Proposed Order (Annable, Zachery) |
| 5/19/2025 | 4217 | Declaration re: (Declaration of Gregory V. Demo in Support of Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Attachments: #1 Exhibit 1 (Annable, Zachery) |
| 5/19/2025 | 4217-1 | Proposed Settlement Agreement |
| 6/9/2025 | 4230 | Objection to (related document(s): 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust) filed by Partner Dugaboy Investment Trust. (Hesse, Gregory) |
| 6/20/2025 | 4251 | Exhibit List for the June 25, 2025 Hearing filed by Partner Dugaboy Investment Trust (RE: related document(s)4230 Objection). (Lang, Michael) |
| 6/20/2025 | 4252 | Witness List for the June 25, 2025 Hearing filed by Partner Dugaboy Investment Trust (RE: related document(s)4230 Objection). (Lang, Michael) |
| 6/20/2025 | 4255<br>(***to be submitted to Clerk on flash drive***) | Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s) 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Attachments: #1 Exhibit 1 , #2 Exhibit 2 , #3 Exhibit 3 , #4 Exhibit 4 , #5 Exhibit 5 , #6 Exhibit 6 , #7 Exhibit 7 , #8 Exhibit 8 , #9 Exhibit 9 , #10 Exhibit 10 , #11 Exhibit 11 , #12 Exhibit 12 , #13 Exhibit 13 , #14 Exhibit 14 , #15 Exhibit 15 , #16 |

| | | |
|---|---|---|
| | | Exhibit 16 , #17 Exhibit 17 , #18 Exhibit 18 , #19 Exhibit 19 , #20 Exhibit 20 , #21 Exhibit 21 , #22 Exhibit 22 , #23 Exhibit 23 , #24 Exhibit 24 , #25 Exhibit 25 , #26 Exhibit 26 , #27 Exhibit 27 , #28 Exhibit 28 , #29 Exhibit 29 , #30 Exhibit 30 , #31 Exhibit 31 , #32 Exhibit 32 , #33 Exhibit 33 , #34 Exhibit 34 , #35 Exhibit 35 , #36 Exhibit 36 , #37 Exhibit 37 , #38 Exhibit 38 , #39 Exhibit 39 , #40 Exhibit 40 , #41 Exhibit 41 , #42 Exhibit 42 , #43 Exhibit 43 , #44 Exhibit 44 , #45 Exhibit 45 , #46 Exhibit 46 , #47 Exhibit 47 , #48 Exhibit 48 , #49 Exhibit 49 , #50 Exhibit 50 , #51 Exhibit 51 , #52 Exhibit 52 , #53 Exhibit 53 , #54 Exhibit 54 , #55 Exhibit 55 , #56 Exhibit 56 , #57 Exhibit 57 , #58 Exhibit 58 , #59 Exhibit 59 , #60 Exhibit 60 , #61 Exhibit 61 , #62 Exhibit 62 , #63 Exhibit 63 , #64 Exhibit 64 , #65 Exhibit 65 , #66 Exhibit 66 , #67 Exhibit 67 , #68 Exhibit 68 , #69 Exhibit 69 , #70 Exhibit 70 , #71 Exhibit 71 , #72 Exhibit 72 , #73 Exhibit 73 , #74 Exhibit 74 , #75 Exhibit 75 , #76 Exhibit 76 , #77 Exhibit 77 , #78 Exhibit 78 , #79 Exhibit 79 , #80 Exhibit 80 , #81 Exhibit 81 , #82 Exhibit 82 , #83 Exhibit 83 , #84 Exhibit 84 , #85 Exhibit 85 , #86 Exhibit 86 , #87 Exhibit 87 , #88 Exhibit 88 , #89 Exhibit 89 , #90 Exhibit 90 , #91 Exhibit 91 , #92 Exhibit 92 , #93 Exhibit 93 , #94 Exhibit 94 , #95 Exhibit 95 , #96 Exhibit 96 , #97 Exhibit 97 , #98 Exhibit 98 , #99 Exhibit 99 , #100 Exhibit 100 , #101 Exhibit 101 , #102 Exhibit 102 , #103 Exhibit 103 , #104 Exhibit 104 , #105 Exhibit 105 , #106 Exhibit 106 , #107 Exhibit 107 , #108 Exhibit 108 , #109 Exhibit 109 , #110 Exhibit 110 , #111 Exhibit 111 , #112 Exhibit 112 , #113 Exhibit 113 , #114 Exhibit 114 , #115 Exhibit 115 , #116 Exhibit 116 , #117 Exhibit 117 , #118 Exhibit 118 , #119 Exhibit 119 , #120 Exhibit 120 , #121 Exhibit 121 , #122 Exhibit 122 , #123 Exhibit 123 (Annable, Zachery) |
| 6/20/2025 | 4256 | Witness and Exhibit List filed by Creditor Hunter Mountain Investment Trust (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith)). (Phillips, Louis) |
| 6/20/2025 | 4257 | Witness and Exhibit List filed by Interested Parties Crown Global Life Insurance, Ltd, The Dallas Foundation (RE: related document(s)4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent |

| | | |
|---|---|---|
| | | Therewith)). (Attachments: #1 Exhibit 1 - Charitable DAF/CLO HoldCo Organization Chart, #2 Exhibit 2 - Rand Structure Chart, #3 Exhibit 3 - July 9, 2021 Memo on DAFs and Sponsoring Orgs, #4 Exhibit 4 - Charitable Respondents Response and Disclosures (Okin, Matthew) |
| 6/23/2025 | 4271 | Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4253 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 66, #2 Exhibit 67 (Annable, Zachery) |
| 6/23/2025 | 4272 | Amended Witness and Exhibit List filed by Interested Parties Crown Global Life Insurance, Ltd, The Dallas Foundation (RE: related document(s)4257 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 5, #2 Exhibit 66, #3 Exhibit 7 7,4 Exhibit 8 ,8, Exhibit 9 (Curry, David) |
| 6/23/2025 | 4273 | Objection to (related document(s)): 4255 List (witness/exhibit/generic) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust) filed by Partner Dugaboy Investment Trust. (Ohlinger, Ali) |
| 6/23/2025 | 4277 | Amended Witness and Exhibit List filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4255 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 124 , #2 Exhibit 125 (Annable, Zachery) |
| 6/24/2025 | 4279 | Witness and Exhibit List with Respect to Hearing to be Held on June 25, 2025 filed by Partner Dugaboy Investment Trust (RE: related document(s)4213 Motion to extend time to (Motion for an Order Further Extending Duration of Trusts) (RE: related document(s)4144 Order on motion to extend/shorten time)). (Attachments: #1 Exhibit 1 (Deitsch-Perez, Deborah) |
| 6/24/2025 | 4280 | Amended Witness and Exhibit List (Highland Capital Management, L.P., Highland Claimant Trust, and Litigation Sub-Trust Second Amended Witness and Exhibit List with Respect to Hearing to Be Held on June 25, 2025) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s) 4255 List (witness/exhibit/generic), 4277 List (witness/exhibit/generic)). (Attachments: #1 Exhibit 126 (Annable, Zachery) |

| | | |
|---|---|---|
| 6/25/2025 | 4293 | Court admitted exhibits date of hearing June 25, 2025 (RE: related document(s) 4216 Motion to compromise controversy with the HMIT Entities. (Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith) Filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (Court Admitted Debtors Exhibits #1 through #9; #11 through #56 & #58 through #123 & #126 offered by attorney John Morris; Court Also Admitted Patrick Daugherty Exhibits #1 through #42 offered by attorney Drew K. York: Court also admitted Dugaboy Investment Trust Exhibit #3, which was a letter offered by attorney Michael J. Lang.) (Edmond, Michael) Modified on 6/30/2025 (emi).Modified on 6/30/2025 (emi). (Entered: 06/27/2025) |
| 6/27/2025 | 4290 | Stipulation by Highland Claimant Trust, Highland Litigation Sub-Trust and The Dugaboy Investment Trust. filed by Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust (RE: related document(s)4223 Objection). (Annable, Zachery) |
| 6/27/2025 | 4291 | Stipulation withdrawing objection of The Dallas Foundation and Crown Global Life Insurance, LTD to Motion for Entry of an order pursuant to Bankruptcy Rule 9019 and 11 U.S.C. Section 363 approving settlement with the HMIT Entities and authorizing actions consistent therewith (RE: related document(s) 4232 Response filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust, Interested Party Highland Litigation Sub-Trust, 4282 Stipulation filed by Creditor Hunter Mountain Investment Trust). Entered on 6/27/2025 (Okafor, M.) |
| 7/1/2025 | 4299 | Motion to withdraw document Consent Motion to Dismiss HMIT Remand Proceedings with Prejudice (related document(s) 3699 Motion for leave) Filed by Creditor Hunter Mountain Investment Trust, Interested Party Hunter Mountain Trust (Attachments: #1 Proposed Order (Salzer, Ian) |
| 7/1/2025 | 4300 | Motion to withdraw document Consent Motion to Dismiss Delaware Action Proceedings with Prejudice (related document(s) 4000 Motion for leave) Filed by Creditor Hunter Mountain Investment Trust, Interested Party Hunter Mountain Trust (Attachments: #1 Proposed Order (Salzer, Ian) |

| | | |
|---|---|---|
| 7/7/2025 | 4304 | Order withdrawing Emergency Motion for Leave to File Adversary Proceeding [Dkt. 3699] with prejudice (RE: related document(s)4299 Motion to withdraw document filed by Interested Party Hunter Mountain Trust, Creditor Hunter Mountain Investment Trust). IT IS THEREFORE ORDERED that the proceedings defined in the Dismissal Motion as: Hunter Mountain Investment Trust v. Highland Cap. Mgmt., L.P., Case No. 3:23-cv-02071-E (N.D. Tex.), on remand to the Bankruptcy Court (including Hunter Mountain Investment Trusts Emergency Motion for Leave to File Adversary Proceeding filed at Bankruptcy Court Docket No. 3699 and all proceedings, decisions, and orders relating thereto), are dismissed with prejudice. Entered on 7/7/2025 (Okafor, M.) |
| 7/10/2025 | 4308 | Notice Letter from the Office of the Texas Attorney General Requesting a Stay filed by Interested Party State of Texas. (Stone, Johnathan) |
| 7/14/2025 | 4311 | Notice of appeal of Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. Fee Amount $298 filed by Creditor The Dugaboy Investment Trust (RE: related document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025. (Lang, Michael) |
| 7/16/2025 | 4323 | Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)4311 Notice of appeal of Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. filed by Creditor The Dugaboy Investment Trust (RE: related document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025.) (Whitaker, Sheniqua) |
| 7/17/2025 | 4326 | Motion to Stay 9019 Order filed by Creditor The Dugaboy Investment Trust. Objections due by 8/7/2025. (Lang, Michael) Modified text on 7/21/2025 (mdo). |
| 7/17/2025 | 4329 | Notice of docketing notice of appeal. Civil Action Number: 3:25-cv-01876-K. (RE: related document(s)4311 Notice of appeal of Order Pursuant to Bankruptcy Rule 9019 and 11 U.S.C § 363 Approving Settlement Between the Highland Entities and the HMIT Entities and Authorizing Actions Consistent Therewith. filed by Creditor The Dugaboy Investment Trust (RE: related |

| | | |
|---|---|---|
| | | document(s)4297 Order on motion to compromise controversy). Appellant Designation due by 07/28/2025.) (Whitaker, Sheniqua) |
| 7/21/2025 | 4333 | Memorandum of opinion (RE: related document(s)4308 Notice (generic) filed by Interested Party State of Texas, 4326 The Dugaboy Investment Trust's Motion to Stay 9019 Order filed by Creditor The Dugaboy Investment Trust). Entered on 7/21/2025 (Okafor, M.) |
| 7/21/2025 | 4334 | Order denying stay requests (related document 4326 The Dugaboy Investment Trust's Motion to Stay 9019 Order and 4308 Notice). Entered on 7/21/2025. (Okafor, M.) Additional attachment(s) added on 7/21/2025 (Okafor, M.) |
| 8/4/2025 | 4353 | Notice of appeal. Fee Amount $298 filed by Partner Dugaboy Investment Trust (RE: related document(s) 4333 Memorandum of opinion). Appellant Designation due by 08/18/2025. (Attachments: #1 Exhibit A) (Harper, Geoffrey) |
| 8/5/2025 | 4359 | Notice of docketing notice of appeal. Civil Action Number: 3:25-cv-02072-S. (RE: related document(s)4353 Notice of appeal filed by Partner Dugaboy Investment Trust (RE: related document(s) 4333 Memorandum of opinion). (Almaraz, Jeanette) |
| 8/15/2025 | 4372 | Motion to recuse Judge Filed by Interested Parties James Dondero, NexPoint Advisors, L.P., NexPoint Asset Management, L.P., NexPoint Real Estate Advisors, L.P., The Dugaboy Investment Trust, The Get Good Non Exempt Trust No 2 (Attachments: #1 Proposed Order (Harper, Geoffrey) |

Dated: August 18, 2025

Respectfully submitted,

**WINSTON & STRAWN LLP**

By: */s/ Geoffrey S. Harper*

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@winston.com
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500
(214) 453-6400 (fax)

Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
**CRAWFORD, WISHNEW & LANG PLLC**
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

***Counsel for Appellant The Dugaboy Investment Trust***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 18, 2025, a true and correct copy of this document was served electronically via the Court's CM/ECF system to the parties registered or otherwise entitled to receive electronic notices in this case.

*/s/ Geoffrey S. Harper*
Geoffrey S. Harper

# EXHIBIT B

Geoffrey S. Harper
Texas Bar No. 00795408
gharper@kslaw.com
John Michael Gaddis
Texas Bar No. 24069747
mgaddis@kslaw.com
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
(214) 764-4600

Michael J. Edney
D.C. Bar No. 492024
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T. (202) 739-3000
F. (202) 739-3001
michael.edney@morganlewis.com

Martha B. Stolley (*pro hac vice*)
New York Bar No. 2965374
MORGAN, LEWIS & BOCKIUS LLP
101 Park Ave.
New York, NY 10178-0060
T. (212) 309-6000
F. (212) 309-6001
martha.stolley@morganlewis.com

Avery Joseph Welker
Texas Bar No. 24137706
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
T. (713) 890-5000
F. (713) 890-5001
avery.welker@morganlewis.com

*Counsel for The Dugaboy Investment Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054 (SGJ) |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br><br>Appellees. | Case No. 3:26-cv-02315-X |

**APPELLANT THE DUGABOY INVESTMENT TRUST'S AMENDED DESIGNATIONS OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF THE ISSUES TO BE PRESENTED FROM THE BANKRUPTCY COURT'S ORDER DENYING <u>APPELLANT'S MOTION FOR RELIEF FROM ORDER AND MOTION TO VACATE</u>**

Pursuant to the Clerk of Court's correspondence [Docket No. 4700] and Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Appellant The Dugaboy Investment Trust ("Appellant" or "Dugaboy"), having filed a Notice of Appeal [Docket No. 4685] on June 29, 2026, from the Bankruptcy Court's June 15, 2026, *Order Denying Dugaboy's Motion for Relief from Order and Motion to Vacate* [Docket No. 4513] and a *Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal* [Docket No. 4699] now files this *Amended Statement of Issues to be Presented and Designation of Items to be Included in the Record on Appeal* and respectfully requests that the Clerk prepare and forward the listed items to the District Court for inclusion in the record in connection with this appeal.

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

1. Did the Bankruptcy Court err in declining to vacate, modify, or otherwise reconsider the June 2025 judgment approving a settlement between Highland entities and Hunter Mountain Investment Trust among other entities?

2. Did the Bankruptcy Court err in making evidentiary and trial conduct rulings during the course of evidentiary hearings held on Dugaboy's motion to vacate in May 2026?

3. Did the Bankruptcy Court err in making rulings on the availability of discovery, including the production of documents or depositions, in proceedings leading to its denial of the motion to vacate or otherwise reconsider the June 2025 judgment approving a settlement between Highland entities and the Hunter Mountain Investment Trust, among other entities?

4. Did the Bankruptcy Court err in not treating the Hunter Mountain Investment Trust, Mark Patrick, and other entities associated with him as parties in the 9019 settlement approval proceedings or the proceedings considering whether to vacate or reconsider that settlement approval?

5. Did the Bankruptcy Court err by misconceiving and/or misapplying the Federal Rule of Civil Procedure 60(b)(2) in denying Dugaboy's Motion for Relief from Order and Motion to Vacate by determining that the evidence presented of Mark Patrick's misconduct was not newly discovered or otherwise cognizable under Rule 60(b)(2)?

6. Did the Bankruptcy Court err in determining that James Dondero's knowledge could be imputed to Dugaboy, regardless of the capacity in which he was acting at the time he gained that knowledge?

7. Did the Bankruptcy Court err in determining that previously known instances of Mr. Patrick's

compliance lapses in other areas needed to have been acted upon in order to preserve the right to remove him from his position at the Hunter Mountain Investment Trust for later discovered and more significant misconduct related to misappropriating much of the asset value of two charitable structures, including the Charitable DAF?

8. Did the Bankruptcy Court err in misconceiving and/or misapplying the Federal Rule of Civil Procedure 60(b)(3) in denying Dugaboy's Motion for Relief from Order and Motion to Vacate by, among other things, determining that there is no evidence that Highland withheld or otherwise obscured evidence of Mark Patrick's misconduct and resulting lack of authority to negotiate the 9019 settlement agreement from Dugaboy in the proceedings that led to the Bankruptcy Court's entry of the original Federal Rule of Bankruptcy Procedure 9019 Order on June 30, 2025?

9. Did the Bankruptcy Court err in not considering under Federal Rule of Civil Procedure 60(b)(3) or otherwise the evidence Mark Patrick and/or his associates withheld or otherwise obscured from the Court through omissions and misrepresentations during discovery and before the Court at the hearing on the proposed settlement under Federal Rule of Bankruptcy Procedure 9019?

10. Did the Bankruptcy Court err by misconceiving the applicable legal standard and/or in not considering the fraud and misconduct of Mark Patrick and his associates in misappropriating most or all of the assets of two charitable structures and obscuring or making it more difficult to detect that conduct when determining whether to vacate the settlement approval order under Federal Rule of Evidence 60(b)(3)?

11. Under all aspects of Federal Rule of Civil Procedure 60(b) and the Court's inherent powers to vacate or modify judgments that are against the interest of justice and affected by wrongdoing, did the Bankruptcy Court err in suggesting that the fraud and misconduct of Mark Patrick was not directly pertinent to whether a bankruptcy settlement with entities he purported to control should be approved?

12. Did the Bankruptcy Court misapply the Federal Rule of Civil Procedure 60(b)(6) standard in denying Dugaboy's Motion for Relief from Order and Motion to Vacate in determining that Dugaboy "failed to articulate a 'mutually exclusive' reason for vacating the 9019 Order?"

13. Did the Bankruptcy Court err in failing to vacate a judgment directly or indirectly sought by Mark Patrick and/or entities associated with him when he came to the Court having engaged in fraud and/or misconduct, or with unclean hands, using the Court's authority under Federal Rule of Civil Procedure 60(b)(6), Rule 60(b) more broadly, or other authorities of the Court to vacate, reconsider, or modify judgments that are inconsistent with the interests of justice?

14. Did the Bankruptcy Court err in failing to vacate a judgment directly or indirectly sought by Mark Patrick and/or entities associated with him when that judgment may have assisted Mr. Patrick in furthering his misconduct or in deterring others from contesting it, using the Court's authority under Federal Rule of Civil Procedure 60(b)(6), Rule 60(b) more broadly, or other authorities of the Court to vacate, reconsider, or modify judgments that are inconsistent with the interests of justice?

15. Whether the 9019 settlement order, in light of the presented evidence of Patrick's misconduct, was an inappropriate circumvention of the Fifth Circuit's decision to permit suits against certain parties without seeking bankruptcy court permission and constituted a invalid non- consensual release of claims?

16. Did the Bankruptcy Court err in denying relief under Federal Rule of Civil Procedure 60(b) or the Court's other authorities to reconsider, amend, or vacate orders on Dugaboy's independently asserted ground that Chief Judge Stacey G. Jernigan lacked authority to enter the Rule 9019 Settlement Order because she should have recused herself and was disqualified from presiding in this matter earlier in the proceedings?

17. Did the Bankruptcy Court err in denying prior motions to recuse Judge Jernigan based on her manifestations of bias against James Dondero and others associated with him, including through her extrajudicial statements in novels and elsewhere?

18. Did the Bankruptcy Court err in finding that Dugaboy had abandoned its argument regarding whether Judge Jernigan was disqualified or should have been recused for not introducing additional testimonial evidence at the hearing on the matter, despite having fully briefed the issue in its Federal Rule of Civil Procedure 60(b) Motion and Reply thereto and having place the fully published versions of the judge's novels before the Court?

19. Did the Bankruptcy Court err when it excluded Lucy Bannon's testimony regarding evidence of Mark Patrick's personal benefit in the decision to sell the Hunter Mountain Investment Trust?

20. Did the Bankruptcy Court err when it excluded Lucy Bannon's testimony regarding evidence of the attendance of Supporting Organizations at the instant proceedings?

21. Did the Bankruptcy Court err when it determined that the deposition transcript of Mark Patrick (Highland hearing exhibit 55) was admissible and not an exception to hearsay?

22. Did the Bankruptcy Court err when it admitted Highland's hearing exhibits 43-45 as relevant?

23. Did the Bankruptcy Court err when it did not permit James Dondero to testify in Dugaboy's case-in-chief, including while permitting Highland to sponsor his testimony for other purposes by admitting his deposition?

24. Did the Bankruptcy Court err when it excluded Dugaboy's exhibits 292-297 as improper rebuttal evidence?

25. Did the Bankruptcy Court err when it granted Highland's request to admit the deposition testimony of James Dondero, despite Highland's decision not to call him as a witness for live testimony in the case, even though he was available in the courtroom throughout the proceedings?

26. Did the Bankruptcy Court err in protecting Highland, Hunter Mountain, Mark Patrick, and others from having to produce documents created earlier than May 19, 2025?

27. Did the Bankruptcy Court err in granting any part of Highland and other participants' requests for a protective order and/or to quash subpoenas?

28. Did the Bankruptcy Court err when it delayed Highland, Mark Patrick, Hunter Mountain, and other entities' obligations to respond to discovery until a couple of weeks before trial, only to require them to produce documents, sit for depositions, and commence trial—all within a 10-day period?

29. Whether a bankruptcy court may deny relief under Federal Rule of Civil Procedure Rule 60(b) or otherwise because vacatur would not itself unwind antecedent transactions or restore a separate pre-settlement structure?

30. Whether Federal Rule of Civil Procedure 60(b)(3) requires proof that concealed or misrepresented information would have changed the outcome, or instead clear and convincing evidence that adverse-party misconduct prevented a full and fair presentation?

31. Whether the District Court should conduct additional hearings and/or review of some or all findings *de novo* given that the decision below was entered by an Article I judge, who may exercise authority only through plenary supervision by a judge contemplated by Article III of the Constitution?

32. Are rulings by Article I bankruptcy judges on matters ancillary to the bankruptcy process due a similar amount of deference as rulings on core bankruptcy matters, or should the District Court act as an Article III backstop to judges not nominated by the President or confirmed by the Senate?

33. Is any amount of deferential review of a Bankruptcy Court's findings consistent with the Supreme Court's recent decisions that principal and inferior officers of the United States must be subject to plenary supervision by the President or some other office expressly listed in the Constitution, such as an Article III judge?

34. Whether the District Court should conduct additional hearings and/or review of some or all of the Bankruptcy Court's findings *de novo* given the Bankruptcy Court found it lacked jurisdiction to rule on the motion under Federal Rule of Civil Procedure 60(b), and the appealed Order denying relief under Rule 60(b) was only to the extent the Court was permitted to issue a ruling concerning the matter?

35. Whether the Bankruptcy Court erred in finding this matter a core proceeding pursuant to 28 U.S.C. § 157(b)(2)?

36. Such other Bankruptcy Court errors of fact and law that are identified in Dugaboy's opening appellate brief on the merits.

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

1. Notice of Appeal for Bankruptcy Case No. 19-34054-sgj11 [Docket No. 4685] filed by Appellant;

2. The Bankruptcy Court's June 15, 2026 *Order Denying Dugaboy's Motion for Relief from Order and Motion to Vacate* [Docket No. 4679];

3. Any opinion, findings of fact, and conclusions of law of the Bankruptcy Court relating to the issues on appeal;

4. Docket entries kept by the bankruptcy clerk in case no. 19-34054-sg11;

5. Each of the documents and items designated below:

| **Date Filed** | **Docket No.** | **Description/Docket Text** |
|---|---|---|
| 02/09/2026 | 4513 | (1195 pgs; 66 docs) Motion to Reconsider (related documents 4297 Order on motion to compromise controversy) and *Motion to Vacate* Filed by Partner Dugaboy Investment Trust (Attachments: # 1 Proposed Order # 2 Index of Exhibits # 3 Appendix A # 4 Exhibit 1 # 5 Exhibit 2 # 6 Exhibit 3 # 7 Exhibit 4 # 8 Exhibit 5 # 9 Exhibit 6 # 10 Exhibit 7 # 11 Exhibit 8 # 12 Exhibit 9 # 13 Exhibit 10 # 14 Exhibit 11 # 15 Exhibit 12 # 16 Exhibit 13 # 17 Exhibit 14 # 18 Exhibit 15 # 19 Exhibit 16 # 20 Exhibit 17 # 21 Exhibit 18# 22 Exhibit 19 # 23 Exhibit 20 # 24 Exhibit 21 # 25 Exhibit 22 # 26 Exhibit 23 # 27 Exhibit 24 # 28 Exhibit 25 # 29 Exhibit 26 # 30 Exhibit 27 # 31 Exhibit 28 # 32 Exhibit 29 # 33 Exhibit 30 # 34 Exhibit 31# 35 Exhibit 32 # 36 Exhibit 33 # 37 Exhibit 34 # 38 Exhibit 35 # 39 Exhibit 36 # 40 Exhibit 37 # 41 Exhibit 38 # 42 Exhibit 39 # 43 Exhibit 40 # 44 Exhibit 41 # 45 Exhibit 42 # 46 Exhibit 43 # 47 Exhibit 44# 48 Exhibit 45 # 49 Exhibit 46 # 50 Exhibit 47 # 51 Exhibit 48 # 52 Exhibit 49 # 53 Exhibit 50 # 54 Exhibit 51 # 55 Exhibit 52 # 56 Exhibit 53 # 57 Exhibit 54 # 58 Exhibit A # 59 Exhibit B # 60 Exhibit C #61 Exhibit D # 62 Exhibit E # 63 Exhibit F # 64 Exhibit G # 65 Exhibit H) (Gaddis, John Michael) |
| 02/13/2026 | 4515 | (2 pgs) Order setting hearing on Motion to reconsider (RE: related document(s) 4513 Motion to Reconsider filed by Partner Dugaboy Investment Trust). Hearing to be held on 3/12/2026 at 10:00 Via WebEx for 4513, Entered on 2/13/2026 (Okafor, M.) |
| 02/27/2026 | 4521 | (1789 pgs; 9 docs) Support/supplemental document/ *Supplemental Exhibits* filed by Partner Dugaboy Investment Trust (RE: related document(s) 4513 Motion to Reconsider (related documents 4297 Order on motion to |

| Date Filed | Docket No. | Description/Docket Text |
|---|---|---|
| | | compromise controversy) and *Motion to Vacate*). (Attachments: # 1 Exhibit B # 2 Exhibit C # 3 Exhibit D # 4 Exhibit E # 5 Exhibit F # 6 Exhibit G- Part 1 # 7 Exhibit G - Part 2 # 8 Exhibit H) (Gaddis, John Michael) |
| 02/27/2026 | 4522 | (13 pgs; 4 docs) Motion to file document under seal. *Pursuant to Section 107 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 [UNOPPOSED]* Filed by Partner Dugaboy Investment Trust (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit I # 3 Exhibit J) (Gaddis, John Michael) |
| 03/02/2026 | 4524 | (3 pgs) Order granting motion to seal exhibits (related document # 4522) Entered on 3/2/2026. (Okafor, M.) |
| 03/02/2026 | 4525 | SEALED document regarding: Sealed Exhibits I & J per court order filed by Partner Dugaboy Investment Trust (RE: related document(s) 4524 Order on motion to seal). (Attachments: # 1 Exhibit J - Sealed) (Gaddis, John Michael) |
| 03/02/2026 | 4526 | (11 pgs; 2 docs) Motion to extend time to Briefing and Hearing Date for Dugaboy's Motion for Relief from Order and Motion to Vacate (RE: related document(s) 4513 Motion to Reconsider) Filed by Partner Dugaboy Investment Trust (Attachments: # 1 Proposed Order) (Gaddis, John Michael) |
| 03/03/2026 | 4527 | (4 pgs) *Notice of Revised Order* filed by Partner Dugaboy Investment Trust (RE: related document(s) 4526 Motion to extend time to Briefing and Hearing Date for Dugaboy's Motion for Relief from Order and Motion to Vacate (RE: related document(s) 4513 Motion to Reconsider) Filed by Partner Dugaboy Investment Trust (Attachments: # 1 Proposed Order) (Gaddis, John Michael)). (Gaddis, JohnMichael) |
| 03/04/2026 | 4528 | (3 pgs) Order granting Agreed Joint Motion to Extend Briefing and Hearing Dates for Dugaboy's Motion for Relief From Stay Order and Motion to Vacate (RE: related document(s) 4513 Motion to Reconsider filed by Partner Dugaboy Investment Trust). Hearing reset to 4/27/2026 at 09:00 AM Dallas Judge Jernigan Ctrm for 4513, Entered on 3/4/2026 (Okafor, M.) |
| 04/01/2026 | 4533 | (39 pgs; 2 docs) Motion for protective order *(Highland Capital Management, L.P.'s Motion for a Protective Order Against The Dugaboy Investment Trust's Discovery Requests)* Filed by Debtor Highland Capital Management, L.P. (Attachments: # 1 Proposed Order) (Annable, Zachery) |
| 04/01/2026 | 4534 | (1024 pgs; 20 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s Motion for a Protective Order Against The Dugaboy Investment Trust's Discovery Requests)* filed by Debtor Highland Capital Management, L.P. (RE: related document(s) 4533 |

Case 19-34054-sgj11 Doc 4705 Filed 07/31/26 Entered 07/31/26 16:57:56 Desc Main Document Page 8 of 24

| Date Filed | Docket No. | Description/Docket Text |
|---|---|---|
| | | Motion for protective order *(Highland Capital Management, L.P.'s Motion for a Protective Order Against The Dugaboy Investment Trust's Discovery Requests)*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17# 18 Exhibit 18 # 19 Exhibit 19) (Annable, Zachery) |
| 04/03/2026 | 4535 | (57 pgs) Objection to (related document(s): 4513 Motion to Reconsider (related documents 4297 Order on motion to compromise controversy) and *Motion to Vacate* filed by Partner Dugaboy Investment Trust) filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust. (Annable, Zachery) |
| 04/03/2026 | 4536 | (417 pgs; 14 docs) Declaration re: *(Declaration of John A. Morris in Support of Highland Capital Management, L.P. and the Highland Claimant Trust's Objection to Dugaboy's Motion for Relief from Order and Motion to Vacate)* filed by Debtor Highland Capital Management, L.P., Other Professional Highland Claimant Trust (RE: related document(s) 4535 Objection). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I# 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M) (Annable, Zachery) |
| 04/03/2026 | 4537 | (2 pgs) Objection to (related document(s): 4513 Motion to Reconsider (related documents 4297 Order on motion to compromise controversy) and *Motion to Vacate* filed by Partner Dugaboy Investment Trust)*Joinder to Objection [Dkt. No. 4535]* filed by Creditor Hunter Mountain Investment Trust. (Phillips, Louis) |
| 04/06/2026 | 4538 | (8 pgs; 2 docs) Motion to quash *Requests For Production Of Documents Served Improperly* (related documents 4513 Motion to Reconsider (related documents 4297 Order on motion to compromise controversy) and *Motion to Vacate* filed by Partner Dugaboy Investment Trust) Filed by Shields Legal Group, P.C., CLO Holdco, Ltd., Attorney Kelly Hart & Pitre (Attachments: # 1 Proposed Order) (Phillips, Louis) |
| 04/06/2026 | 4540 | (5 pgs) Joinder by *To Highland Capital Management, L.P.'s Motion For A Protective Order Against The Dugaboy Investment Trust's Discovery Requests* filed by ValueScope, LLC, Beacon Mountain, LLC, Hunter Mountain Investment Trust, Rand Advisors, LLC, Rand PE Fund I, LP, Rand PE Fund Management, LLC (RE: related document(s) 4513 Motion to Reconsider (related documents 4297 Order on motion to compromise controversy) and Motion to Vacate, 4533 Motion for protective order *(Highland Capital Management, L.P.'s Motion for a Protective Order* |