PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

WILLKIE FARR & GALLAGHER LLP
Mark T. Stancil (*admitted pro hac vice*)
Joshua S. Levy (*admitted pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.<br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| THE DUGABOY INVESTMENT TRUST and PATRICK DAUGHERTY,<br><br>Appellants,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br><br>Appellees. | Case No. 3:25-cv-01876-K |
| THE DUGABOY INVESTMENT TRUST,<br><br>Appellant,<br><br>v.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br><br>Appellees. | Case No. 3:25-cv-02072-S |

| | |
|---|---|
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02315-X |
| THE DUGABOY INVESTMENT TRUST,<br>Appellant,<br>v.<br>HIGHLAND CAPITAL MANAGEMENT, L.P. *et al.*,<br>Appellees. | Case No. 3:26-cv-02496-D |

**HIGHLAND CAPITAL MANAGEMENT, L.P. AND THE HIGHLAND CLAIMANT TRUST'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO CONSOLIDATE BANKRUPTCY APPEALS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................ 1

ARGUMENT ........................................................ 4

CONCLUSION ........................................................ 10

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*,
2022 WL 2193000 (N.D. Tex. June 17, 2022) .......... 6

*Karaha Bodas Co., L.L.C. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*,
2003 WL 21027134 (5th Cir. Mar. 5, 2003) .......... 5

*Kellam v. Metrocare Servs.*,
2013 WL 12093753 (N.D. Tex. May 31, 2013) .......... 6

*Law Offices of Michael R. Nevarez v. Monge (In re Monge)*,
700 F. App'x 354 (5th Cir. 2017) .......... 5

*Smith v. Sch. Bd. of Concordia Par.*,
88 F.4th 588 (5th Cir. 2023) .......... 6

*Smith v. Terry (In re Salubrio, L.L.C.)*,
2026 WL 2533369 (5th Cir. Aug. 27, 2026) .......... 6

*United States v. Reagan*,
596 F.3d 251 (5th Cir. 2010) .......... 6

**Rules**

Fed. R. Bankr. P. 7042 .......... 2, 6

Fed. R. Bankr. P. 9014(c) .......... 2, 6

Fed. R. Bankr. P. 8003(b) .......... 5

Fed. R. Civ. P. 42(a) .......... 2, 6

**Other Authorities**

11 Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2818 (3d ed. 2026) .......... 8

11 Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2857 (3d ed. 2026) ..... 8

10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 8007.08 (16th ed. 2026) ..... 8

10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶ 9019.01 (16th ed. 2026) ..... 8

Pursuant to Federal Rule of Bankruptcy Procedure 8013(a)(3)(B), Highland respectfully submits this Reply to Dugaboy's Opposition (the "Opposition" or "Opp."; Dkt. No. 74) to Highland's Motion To Consolidate Bankruptcy Appeals (the "Motion" or "Mot."; Dkt. No. 72).[1]

## PRELIMINARY STATEMENT

1. Dugaboy's Opposition confirms that this Court should consolidate the Rule 9019 Appeal, Stay Appeal, Rule 60(b) Appeal, and Rule 59(e) Appeal before Judge Kinkeade. Dugaboy concedes that every factor considered by courts in this District when deciding whether to consolidate actions is satisfied here:

- Dugaboy admits that all four Appeals are pending in the same Court (Opp. at 1);
- Dugaboy admits that Dugaboy and Highland are parties to each of the Appeals (*id.* at 1, 8);
- Dugaboy admits that all of the Appeals challenge or arise from the exact same Rule 9019 Order (*id.* at 12–16);
- Dugaboy admits that this "Court can consolidate the Rule 60(b) appeal with the Rule 9019 appeal" (*id.* at 18);
- Dugaboy admits that "[t]he Rule 60(b) and Rule 59(e) appeals can and should be consolidated with each other" (*id.* at 11); and

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in Highland's Motion; all alterations, internal quotations, and citations are omitted; and all emphasis is added. Unless otherwise indicated, all references to "Dkt. No." refer to the docket in Case No. 3:25-cv-01876-K.

- Dugaboy admits that it seeks to file four separate sets of briefs before four different judges (*id.* at 4, 20–21), which is inherently inefficient and risks inconsistent rulings.

2. Tellingly, Dugaboy never—not once—cites Federal Rule of Civil Procedure 42(a), which governs consolidation (and applies here under Bankruptcy Rules 7042 and 9014(c)(1)), because Dugaboy has no valid basis to oppose consolidation under Rule 42(a). To the contrary, Dugaboy admits that consolidation is "proper where," as here, "the orders are interrelated, the parties are the same, and the appeals share common questions of law and fact." (Opp. at 8.)

3. Instead, Dugaboy attacks a strawman. Dugaboy falsely asserts that consolidation would somehow "integrate all the different issues asserted in those appeals," "scramble the record," and "force the parties to re-do their briefing from scratch," which "would create chaos." (*Id.* at 4.) Highland seeks no such thing. In reality, consolidation properly places all four Appeals before one judge—Judge Kinkeade, because the first-filed Rule 9019 Appeal was assigned to him—who would rule on each Appeal *seriatim* based on each Appeal's record. This would not require the parties to "re-do" anything or impact each Appeal's separate record in any way.

4. Indeed, consolidation would yield massive *efficiencies*. That is because Dugaboy's Rule 60(b) Motion was based on purportedly "newly discovered evidence" (*id.* at 13), so the District Court reviewing Dugaboy's Rule 60(b) and Rule

59(e) Appeals must review the record from the Rule 9019 Appeal to determine whether the Bankruptcy Court abused its discretion in holding that none of Dugaboy's evidence was actually "new" or whether any "new" evidence would have been sufficient to change the outcome of the Rule 9019 Order. Having the same judge review the Rule 9019 Appeal on its own record and then review the Rule 60(b) and Rule 59(e) Appeals on their records is the only way to avoid the judicial waste of having multiple judges re-review the same record from the Rule 9019 Appeal.

5. Finally, Dugaboy grossly mischaracterizes its prior attempt to consolidate the Rule 9019 Appeal and the Stay Appeal to suggest there is some inconsistency between Highland's position then and now. Not so. Dugaboy's prior consolidation effort sought to consolidate the completely *unrelated* appeals of "the bankruptcy court's denial of its motion to recuse" (the "Recusal Appeal") and "the bankruptcy court's order granting Highland's motion to fix the allowed amount of" Class 11 interests of multiple former subordinated equity holders of Highland (the "Class 11 Appeal"). (Opp. at 5 n.4.) Because, as Highland pointed out when opposing that request, the Recusal Appeal and Class 11 Appeal had nothing to do with the Rule 9019 Appeal or the Stay Appeal, Dugaboy could not satisfy the legal standard for consolidation. The District Court therefore summarily denied Dugaboy's earlier motion. Here, by contrast, the Appeals proposed for consolidation

all involve the same parties and are derived from the same Rule 9019 Order, and therefore easily satisfy the requirements for consolidation.

## ARGUMENT

6. Dugaboy's Opposition confirms that the Appeals should be consolidated for at least three reasons.

7. ***First***, Dugaboy point-blank admits that "[t]he Rule 60(b) and Rule 59(e) appeals can and should be consolidated with each other," because "[t]hey have nearly identical appellate records, and the issues in the Rule 59(e) appeal are largely derivative of those in the Rule 60(b) appeal." (Opp. at 11.) Dugaboy claims that "[a] motion to consolidate those appeals must be filed in Judge Starr's court." (*Id.*) Dugaboy ignores that Highland filed its Motion on the docket of each court handling an Appeal, including Judge Starr.[2]

8. ***Second***, Dugaboy admits that this "Court can consolidate the Rule 60(b) appeal with the Rule 9019 appeal" and that courts routinely consolidate "Rule 60(b) appeals" with "underlying appeals." (Opp. at 17–18 (collecting cases);

[2] Dugaboy knows full well that Highland did so because it filed separate responses claiming that those filings were "improper" and that Highland's Motion can be filed only in Judge Kinkeade's Court. (3:25-cv-02072-S, Dkt. No. 20; 3:26-cv-02315-X, Dkt. No. 29; 3:26-cv-02496-D, Dkt. No. 18.) Dugaboy ignores that Highland both filed in Judge Kinkeade's Court—which Dugaboy concedes is proper—and ensured that all other affected courts were aware of the Motion. Dugaboy cannot simultaneously criticize Highland for filing in Judge Starr's Court and argue that Highland should have filed in Judge Starr's Court.

*see also* Mot. at 7.)[3] Dugaboy claims that, under Bankruptcy Rule 8003(b)(2), "consolidation is only proper where the orders are interrelated, the parties are the same, and the appeals share common questions of law and fact." (Opp. at 8.)[4] Dugaboy does not—and cannot—dispute that all of these factors are present here: the Appeals all challenge or arise from the exact same Rule 9019 Order and therefore necessarily share common questions of law and fact, and Highland and Dugaboy are parties to each of the Appeals. (*Id.* at 1, 8, 12–16; Mot. at 8–11.)

9. Dugaboy falsely asserts that "Rule 8003(b) was designed primarily for consolidating appeals initiated by multiple parties of a single judgment or order," not "to consolidate appeals initiated by the same party from four separate bankruptcy court judgments." (Opp. at 7–8.) That is not the law. In Dugaboy's own authority (*see id.* at 8, 16), the "district court exercised its discretion under Federal Rule of Bankruptcy Procedure 8003(b)(2) to consolidate the ***two lawsuits***" between the ***same parties***. *Monge*, 700 F. App'x at 355. Dugaboy also ignores that, in the Highland

---

[3] Dugaboy plays word games but ultimately admits that the Fifth Circuit expressly held that "[t]he appeal from the denial [of a Rule 60(b) motion] ***is consolidated*** with the appeal from the underlying order," which plainly requires "mandatory consolidation." (Opp. at 17 (quoting *Karaha Bodas Co., L.L.C. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, 2003 WL 21027134, at *4 (5th Cir. Mar. 5, 2003)) (alterations and emphasis in original).)

[4] These are not the "only" circumstances in which consolidation is proper. (Opp. at 8.) In the very same sentence, Dugaboy admits that the District Court "has ***discretion*** on whether to consolidate bankruptcy appeals." (*Id.* (citing *Law Offices of Michael R. Nevarez v. Monge (In re Monge)*, 700 F. App'x 354, 355 (5th Cir. 2017)); *see also id.* at 16 ("factors that bear on consolidation are (within broad limits) left to the ***discretion*** of the first-filed appellate court") (citing *Monge*, 700 F. App'x at 355).)

bankruptcy itself, the District Court has consolidated multiple "appeals involv[ing] the same parties." (Mot. at 8 (quoting *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 2022 WL 2193000, at *4 (N.D. Tex. June 17, 2022)).)

10. ***Third***, Dugaboy waived its ability to oppose consolidation pursuant to Rule 42(a), which applies here under Bankruptcy Rules 7042 and 9014(c)(1). Highland moved to consolidate under Rule 42(a) (*see* Mot. at 1, 9–11), but Dugaboy's opposition does not cite Rule 42, does not respond to Highland's arguments, and does not address any of the authority Highland cited. Such "failure to respond to arguments constitutes abandonment or waiver of the issue" and is thus a "concession of the argument." *Kellam v. Metrocare Servs.*, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) (collecting cases); *see also Smith v. Terry (In re Salubrio, L.L.C.)*, 2026 WL 2533369, at *1 (5th Cir. Aug. 27, 2026) ("'[A] party forfeits an argument by failing to adequately brief the argument in its opening brief on appeal.'") (quoting *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023)); *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (holding that failure to adequately brief an argument results in waiver).

11. Lacking any valid basis to oppose consolidation, Dugaboy raises two meritless arguments. ***First***, Dugaboy argues that consolidation is not warranted because time "has passed since the bankruptcy court issued the orders approving the

9019 settlement and denying the Stay Motion," the Rule 9019 Appeal is now "fully briefed," and the Rule 60(b) and 59(e) Appeals include "new materials" in the record. (Opp. at 9, 12–16.) None of this is relevant to the standard for consolidation, and, tellingly, Dugaboy fails to cite any authority to support its position. Instead, Dugaboy falsely asserts that, if any Appeal is consolidated with the Rule 9019 Appeal, then "briefing will be reopened and this Court will have to simultaneously focus on and ignore different items from a thoroughly scrambled record." (*Id.* at 21.) That is not how this works. Dugaboy never explains how or why consolidation would require reopening briefing or the record in the Rule 9019 Appeal because it will not. Instead, consolidation will enable a single judge—Judge Kinkeade—to rule on each Appeal *seriatim* based on its own record.

12. Contrary to Dugaboy's assertions (*see* Opp. at 18–20), consolidation will result in massive judicial efficiencies. The Stay Appeal, Rule 60(b) Appeal, and Rule 59(e) Appeal all turn on whether the Bankruptcy Court abused its discretion in refusing to stay, vacate, or reverse the Rule 9019 Order:

| **Appeal** | **Standard Of Review**[5] |
|---|---|
| Rule 9019 Appeal | Settlement approval is reviewed for abuse of discretion; factual findings are reviewed for clear error; legal conclusions are reviewed *de novo* |
| Stay Appeal | Abuse of discretion |
| Rule 60(b) Appeal | Abuse of discretion |
| Rule 59(e) Appeal | Abuse of discretion |

Thus, the judge reviewing the Stay Appeal, Rule 60(b) Appeal, and Rule 59(e) Appeal must review the record from the Rule 9019 Appeal. That is particularly true for the Rule 60(b) Appeal, because the Bankruptcy Court held that Dugaboy's purportedly "newly discovered evidence" was not actually "new." (Opp. at 3.) The District Court cannot review that holding without comparing the supposedly "new evidence from the Rule 60(b) proceedings" against "the already-closed records in the Rule 9019 and Stay Appeals" to determine whether the evidence was "new" or would have been sufficient to change the outcome of the Rule 9019 Order. (*Id.*) Consolidating all of the Appeals before one judge is the only way to avoid the judicial waste of having multiple judges re-review the same record from the Rule 9019 Appeal.

13. As for the passage of time and the resulting "fully briefed" status of the Rule 9019 Appeal, that is largely a circumstance of Dugaboy's own making. It was

[5] *See* 10A Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶¶ 8007.08, 9019.01 (16th ed. 2026); 11 Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure §§ 2818, 2857 (3d ed. 2026).

Dugaboy that elected to wait until February 2026—more than seven months after the Rule 9019 Settlement was approved—to file its Rule 60(b) Motion, then waited approximately six weeks to claim it needed discovery in aid of that motion, consumed three days of trial, filed its Rule 59(e) motion and notice of appeal on the last possible day, and so on. In short, it is beyond rich for Dugaboy to protest that too much time has passed to consolidate appeals that Dugaboy has done everything in its power to delay. And, in any event, the mere passage of time offers no legal basis to deny consolidation.

14. ***Second***, Dugaboy falsely asserts that because Highland previously opposed Dugaboy's attempt to consolidate the Rule 9019 Appeal and Stay Appeal with the completely unrelated Recusal Appeal and Class 11 Appeal, Highland is somehow precluded from seeking consolidation ever again.[6] (*See* Opp. at 8–11.) Dugaboy misses that the standard for consolidation remains the same, and the question is whether the appeals at issue satisfy it. Dugaboy's prior motion could not satisfy the requirements for consolidation because—as Dugaboy admitted and the District Court agreed—the disparate orders it sought to consolidate raised "real differences in the legal issues and only partial overlap in the factual records." (Dugaboy's Reply at 1, 3:25-cv-01876-K, Dkt. No. 45.) Here, by contrast, all of the

[6] Had Dugaboy sought to consolidate only the Rule 9019 Appeal and Stay Appeal but not the Recusal Appeal and Class 11 Appeal, then Highland likely would not have opposed the motion.

Appeals involve the same parties, challenge or arise from the same Rule 9019 Order, which necessarily raise overlapping legal and factual issues, and therefore easily satisfy the requirements for consolidation. (*See supra* ¶¶ 5–9.)

**CONCLUSION**

WHEREFORE, for the foregoing reasons and the reasons stated in Highland's Motion, Highland respectfully requests that this Court enter an order (1) consolidating the Appeals before Judge Kinkeade, and (2) granting Highland such additional relief as may be just and proper.

Dated: September 10, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760
Email: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**

/s/ Zachery Z. Annable
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expwy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P. and the Highland Claimant Trust*

**WILLKIE FARR & GALLAGHER LLP**

Mark T. Stancil
(*admitted pro hac vice*)
Joshua S. Levy
(*admitted pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
mstancil@willkie.com
jlevy@willkie.com

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the portions excluded by Fed. R. Bankr. P. 8015(g), this document contains 2,303 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word, typeface Times New Roman, 14-point type (12-point type in footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I hereby certify that, on September 10, 2026, a true and correct copy of the foregoing Reply was served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this case.

*/s/ Zachery Z. Annable*
Zachery Z. Annable