CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 7, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | **Case No. 19-34054-sgj11** |
| | § | |
| | § | |
| **Debtor.** | § | |

**MEMORANDUM OPINION**

At issue before the Court is the proper scope of the record on appeal. Earlier this year, the Dugaboy Investment Trust ("Dugaboy" or "Appellant") filed its *Motion for Relief from Order and Motion to Vacate* (the "Rule 60(b) Motion"). Dkt. No. 4513. The Court held a three-day hearing on the Rule 60(b) Motion. Ultimately, the Court denied Dugaboy's Rule 60(b) Motion. Dkt. Nos. 4678, 4679. Next, Dugaboy filed its *Motion to Alter or Amend and for Reconsideration of Order Denying Motion for Relief from Order and Motion to Vacate* (the "Rule 59(e) Motion"). Dkt. No. 4684. The Court also denied the Rule 59(e) Motion. Dkt. No. 4689. Dugaboy appealed both rulings to the district court. Dkt. Nos. 4705, 4707.

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), Dugaboy filed its designation of the record and statement of issues for both the Rule 60(b) and Rule 59(e) appeals. Dkt. Nos. 4705, 4707. Highland Capital Management, L.P. and the Highland Claimant Trust (collectively, "Highland" or "Appellees") filed motions seeking to strike several of the designated items (the "Motions to Strike"). Dkt. Nos. 4706, 4728.

On September 3, 2026, the Court heard arguments in support of each party's position and took the matter under advisement. For the reasons stated herein, the Court grants in part and denies in part Highland's Motions to Strike.

**Dugaboy's Designation of the Record and Highland's Motions to Strike**

Dugaboy has designated more than 100 items comprising over 19,000 pages for inclusion in the record on appeal. *See* Dkt. Nos. 4705, 4707. With regard to the Rule 60(b) Motion, Dugaboy designated the motion, all 65 exhibits attached thereto, various related motions, responses, and orders, along with the parties' exhibit lists and corresponding exhibits for the three-day hearing. *See* Dkt. No. 4705.

With regard to the Rule 59(e) Motion, Dugaboy designated the same materials as the Rule 60(b) appeal, along with the Rule 59(e) Motion and its appendix, Highland's Response, the Court's Order denying the Rule 59(e) Motion, the notices of appeal, and other pleadings filed between the Rule 60(b) and Rule 59(e) appeals. *See* Dkt. No. 4707.

Highland moved to strike many of the items Dugaboy designated for inclusion in the appellate record. *See* Dkt. Nos. 4706, 4728. Like Dugaboy, Highland cast a wide

net. Its motion sought to strike not only materials that were never offered or discussed during the evidentiary hearing, but also exhibits that were offered and admitted into evidence.

Dugaboy responded that Highland's approach would effectively strip the appellate record of substantially all of the materials that were before the Court. Dkt. No. 4736. Nevertheless, without conceding that any of the designated materials were improperly included in the record, Dugaboy voluntarily withdrew certain items from its designations in the interest of judicial economy. *Id.* at 17-18.

At the September 3, 2026 hearing, both parties clarified and narrowed their positions. Dkt. No. 4746. Highland explained that, contrary to what its motion may suggest, it did not object to the inclusion of exhibits admitted into evidence. Highland also acknowledged that exhibits offered but excluded should remain part of the appellate record when the evidentiary ruling itself is at issue on appeal. Highland further recognized that pleadings may remain part of the appellate record as the Court may take judicial notice of such items.

However, Highland continued to argue the exhibits attached to the Rule 60(b) Motion and any exhibits offered but not admitted if Dugaboy did not raise a specific issue on appeal should be excluded from the record. Essentially, Highland's objections are directed towards: (1) exhibits attached to pleadings that were never subsequently offered into evidence at the evidentiary hearing; (2) exhibits identified on exhibit lists that were never offered into evidence; and (3) exhibits that were offered but excluded by the Court where the exclusion of those exhibits is not itself an issue on appeal.

Dugaboy also clarified that, if the Court chose to narrow the appellate record, it should remove only exhibits identified on the exhibit lists that were never offered into evidence. Dkt. No. 4746 at 30-31. Dugaboy maintained that it would be improper to strike items attached to pleadings or items that were offered but excluded by the Court, regardless of whether Dugaboy raised that evidentiary ruling as an issue on appeal.

## **The Legal Standard**

Bankruptcy Rule 8009 governs the record on appeal. Under Rule 8009(e)(1), "[i]f any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly." FED. R. BANKR. P. 8009(e)(1). When a party believes an item has been improperly designated, the party may move to strike the item. *Id.*

Rule 8009(e), however, does not provide guidance regarding the standard a court should apply to resolve disputed items. The Fifth Circuit, when analyzing the predecessor rule to Rule 8009, instructed that "[t]he rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court." *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003). Yet, "[t]he Fifth Circuit has not explained what makes up 'the record before the bankruptcy court.'" *Balke v. Carmichael*, No. H-19-313, 2019 WL 13191287, at *9 (S.D. Tex. July 30, 2019).

This Court endeavors to determine what constitutes "the record before the bankruptcy court." In doing so, the Court has reviewed case law from the courts within the Fifth Circuit, including the cases cited by both parties in their respective pleadings. These cases analyze whether items not offered and admitted into evidence before the court ruled may nevertheless form part of the appellate record, including materials outside of the summary judgment record; pleadings, transcripts, affidavits, and minute entries from the bankruptcy case or related proceedings; materials subject to judicial notice or otherwise available for the court's consideration; and materials filed after the ruling under review was entered. *See CPDC*, 337 F.3d at 442-43; *Wooley v. Haynes & Boone, L.L.P.* (*In re SI Restructuring Inc.*), 480 Fed. Appx. 327, 328 (5th Cir. 2012); *Balke*, 2019 WL 13191287, at *4-5; *In re Digerati Tech., Inc.*, 531 B.R. 654, 661 (Bankr. S.D. Tex. 2015); *In re Adkins*, No. 12-10314-rlj-7, 2014 WL 5801679, at *1-2 (Bankr. N.D. Tex. Nov. 7, 2014); *In re Heitmeier*, No. 13-6787, 2014 WL 1513886, at *1 (E.D. La. Apr. 16, 2014); *Carmichael v. Balke* (*In re Imperial Petroleum Recovery Corp.*), No. 13-30466, Adv. No. 14-3375, 2022 WL 90607, at *5 (Bankr. S.D. Tex. Jan. 7, 2022).

Based on these cases, the Court uses two related principles in determining what belongs in the appellate record. First, the appellate record should contain all items necessary to allow the appellate court a full understanding of the proceedings below. *See* Heitmeier, 2014 WL 1513886, at *1. Second, the record should "'accurately disclose[] what occurred in the bankruptcy court.'" *Imperial Petroleum Recovery Corp.*, 2022 WL 90607, at *3 (quoting FED. R. BANKR. P. 8009(e)(1)). Thus, the record

should contain items that were available for consideration and actually considered by the court. *See Balke*, 2019 WL 13191287, at *13. It may also be appropriate to include items that were designated even though they were not admitted into evidence. *See Heitmeier*, 2014 WL 1513886, at *1.

The Court recognizes that these principles are easier to state than to apply because the phrase "actually considered" is inherently imprecise. It is even less instructive in the context of exhibits attached to pleadings. While a court necessarily considers the motion before it, it cannot be presumed to have considered every attachment to that motion. Such a presumption is especially unwarranted where, as here, the attachments span thousands of pages, include entire books, and are followed by evidentiary hearings at which the parties must separately offer their evidence for admission.

Nonetheless, the Court asserts "'it is better to err on the side of caution, include the items, and allow the appellate court to determine the relevance of the designated items.'" *Agrifund, LLC v. Blankenship* (*In re Blankenship*), No. 16-10839, Adv. No. 17-5098, 2019 WL 7602323, at *6 (Bankr. W.D. Tenn. Apr. 25, 2019) (quoting *In re Blasingame*, 559 B.R. 692, 701 (B.A.P. 6th Cir. 2016)). This is especially the case when dealing with pleadings because designation of a pleading does not "automatically imbue that document with any evidentiary or probative value." *Id.* at *7. Additionally, pleadings should be included when an issue on appeal is whether the court improperly failed to consider all arguments made in the pleading. *See In re*

*No Rust Rebar, Inc.*, No. 21-12188-pdr, 2022 WL 17365811, at *4 (Bankr. S.D. Fl. Dec. 1, 2022).

With this framework in mind, the Court addresses each category of items Highland seeks to strike as follows.

## Analysis

### *I. Exhibits Offered and Admitted into Evidence*

The parties agree that exhibits offered and admitted into evidence at the evidentiary hearing were part of the record before the bankruptcy court. Highland effectively conceded as much at the September 3, 2026 hearing. The Court, therefore, concludes that these exhibits remain part of the appellate record.

Regarding items designated as 4612-1, 4629-14, and 4684-1, the Court admitted slides 12, 18, and 19 of Dugaboy's exhibit 242 into evidence. Because the Court cannot separate individual slides, the demonstrative aid will remain in the record in its entirety. The record, however, reflects that only slides 12, 18, and 19 were admitted into evidence and considered by the Court.

### *II. Exhibits Offered but not Admitted into Evidence*

Highland insists that exhibits offered into evidence but not admitted should be part of the appellate record only if the evidentiary ruling itself is at issue on appeal. The Court disagrees. The purpose of Rule 8009(e) is "to provide the appellate court a complete and accurate record of the proceedings that occurred in the bankruptcy court . . . ." 10A COLLIER ON BANKRUPTCY P 8009.10 (16th 2026); *see Imperial Petroleum Recovery Corp.*, 2022 WL 90607, at *4. Exhibits that were offered into

evidence, even if not admitted, were "actually considered" by the Court. *See Imperial Petroleum Recovery Corp.*, 2022 WL 90607, at *3. "[T]he appellate court may consider whether the court's exclusion of the document was error." *Id.*

Limiting the record in the manner Highland proposes would require the Court to speculate about what issues may ultimately prove relevant on appeal and would risk omitting materials necessary to understand the proceedings as they occurred. Therefore, the Court concludes that exhibits offered but not admitted into evidence remain part of the appellate record regardless of whether the evidentiary ruling is itself at issue on appeal. The Court denies Highland's Motion to strike these items from the appellate record.

### *III. Exhibits neither Offered nor Admitted into Evidence*

Highland likewise seeks to strike from the appellate record exhibits that were included on exhibit lists but never offered into evidence. The Court agrees that such items should be stricken from the appellate record as they were not considered by the Court. Therefore, the Court grants Highland's Motions to Strike the following exhibits:

4619-1

4620-1, 4620-3, 4620-4, 4620-5, 4620-8, 4620-12, 4620-13, 4620-15, 4620-23, 4620-24, 4620-25, 4620-26, 4620-27, 4620-28, 4620-29, 4620-30, 4620-31, 4620-32, 4620-34, 4620-35, 4620-36, 4620-37, 4620-41, 4620-42, 4620-43, 4620-44

4621-1, 4621-2, 4621-3, 4621-4, 4621-5, 4621-6, 4621-7, 4621-8, 4621-9, 4621-10, 4621-11, 4621-12, 4621-13, 4621-14, 4621-16, 4621-17, 4621-18, 4621-19, 4621-20, 4621-21, 4621-22, 4621-28, 4621-29, 4621-30, 4621-31, 4621-32, 4621-34, 4621-35, 4621-36, 4621-37, 4621-38, 4621-44, 4621-45

4622-1, 4622-9, 4622-10, 4622-14, 4622-26

4623-1, 4623-3

4624-2, 4624-4, 4624-5, 4624-6, 4624-7, 4624-8, 4624-10, 4624-12, 4624-13, 4624-15, 4624-17, 4624-22

4625-2, 4625-5, 4625-6, 4625-7, 4625-10

4628-5, 4628-6, 4628-7, 4628-11, 4628-13, 4628-14, 4628-16, 4628-17

4629-2, 4629-3, 4629-4, 4629-15

4659-1, 4659-5, 4659-6, 4659-7, 4659-9, 4659-12, 4659-13, 4659-16, 4659-29, 4659-30, 4659-31, 4659-32, 4659-33, 4659-34, 4659-35, 4659-36, 4659-37, 4659-38, 4659-39, 4659-40, 4659-41, 4659-42, 4659-43, 4659-44, 4659-45, 4659-46

4661-1, 4661-2, 4661-3, 4661-4, 4661-5

### *IV. Exhibits Attached to Pleadings*

The final category of items Highland seeks to strike are the exhibits attached to the Rule 60(b) Motion and the Rule 59(e) Motion. Some of the exhibits attached to the Rule 60(b) Motion were admitted into evidence during the evidentiary hearing. Most of them were not. Most of the exhibits attached to the Rule 59(e) Motion were admitted into evidence or are transcripts of the evidentiary hearing.

This issue really tests the principle of including items actually considered by the court. *See Balke*, 2019 WL 13191287, at *13. As stated, the Court considered and ruled on the Rule 60(b) Motion, which referenced and cited the exhibits attached to it. The exhibits are numerous and consist of two entire novels. The Court did not read the novels or analyze the numerous exhibits. Instead, the Court held a three-day evidentiary hearing. Dugaboy could have offered the Rule 60(b) Motion's exhibits into evidence but chose not to do so.

The Court also considered and ruled on Dugaboy's Rule 59(e) Motion, but did so on the pleadings and without a hearing. The appendix to the Rule 59(e) Motion included exhibits and transcripts from the three-day evidentiary hearing on the Rule 60(b) Motion. The Rule 59(e) Motion referenced these materials.

Because the Court considered the Rule 60(b) Motion and the Rule 59(e) Motion, the Court finds that any exhibits attached to those motions were "actually considered" and should be included in the record on appeal. *See Imperial Petroleum Recovery Corp.*, 2022 WL 90607, at *5 (including an affidavit attached to the party's Rule 59 motion). Nonetheless, including the Rule 60(b) Motion, Rule 59(e) Motion, and documents attached to them does not imbue the pleadings or their attachments with evidentiary or probative value. *See Blankenship*, 2019 WL 7602323, at *6; *see also Nantucket Inv'rs II v. Cal. Fed. Bank (In re Indian Palms Assocs.)*, 61 F.3d 197, 205 (3d Cir. 1995) ("facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record"). The Court includes these items to assure a complete and accurate record of the proceedings. The Court leaves it to the appellate court to determine what, if any, relevance the included items have to Dugaboy's appeals.

Accordingly, the Court will transmit the motions, together with all exhibits attached thereto, as part of the appellate record. The Court denies Highland's Motion to Strike the exhibits attached to the Rule 59(e) Motion and Rule 60(b) Motion. Similarly, the Court denies Highland's Motions to Strike the exhibit attached to Dugaboy's *Notice of Intent to Reply and Request for Hearing on its Motion to Alter or*

*Amend the Court's June 15, 2026 Order and Notice of Intervening Event*. Dkt. No. 4688.

**Conclusion**

The Court grants in part and denies in part Highland's Motions to Strike. The Court will enter a separate order consistent with this memorandum opinion.

###End of Memorandum Opinion###